UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON SAVINGS FUND SOCIETY,
FSB, in its capacity as Administrative Agent,

                              Plaintiff,

        against

TELESAT CANADA and TELESAT LEO
CANHOLD CORPORATION,

                              Defendants.

CIVIL ACTION NO.: 1:26-cv-01346
(VSB) (SLC)

**CONFIDENTIALITY
STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER**

   **WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

   **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

   1.     Counsel for any party may designate any document or information, in whole or in part, as confidential ("Confidential Information") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

   2.     Counsel for any party may also designate, reasonably and in good faith, Confidential Information as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." Material is Highly Confidential if it contains highly sensitive information, including, but not limited to, proprietary and competitively sensitive business information or trade secrets, the subject of government and/or other national security, or otherwise of the nature that it is subject to a heightened confidentiality, and thus the disclosure of which to the receiving party (as opposed to the receiving party's outside counsel exclusively) or others beyond those listed in Paragraph 6, would create a substantial risk of significant competitive and/or other harm.

   3.     The Confidential and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

   4.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Highly Confidential Information.

1

5.      All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.      The requesting party and the lenders it represents, including their employees and in-house counsel;

      b.      The requesting party's outside counsel;

      c.      Employees of such outside counsel assigned to and necessary to assist in the litigation;

      d.      Consultants, vendors or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, after such consultant, vendor or expert has signed an agreement to be bound by this Order in the form attached as Exhibit A;

      e.      Deponents and trial witnesses, after such deponent or witness has signed an agreement to be bound by this Order in the form attached as Exhibit A; and

      f.      The Court (including the mediator, court reporters, persons operating video recording equipment at depositions, or any other person having access to any Confidential Information by virtue of his or her position with the Court).

      g.      any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, (or indicated as a blind copy recipient in such document/communication's metadata);

      h.      any person indicated as the custodian of the document in corresponding metadata or as confirmed by the producing party;

6.      All documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" shall not be disclosed to any person, except those referenced in Section 5(b)-(d); (f)-(h) above.  With respect to those persons referenced in Section 5(e) above who do not otherwise satisfy Section 5(g) or 5(h), documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" may only be shown to deponent and trial witnesses if, in the examining counsel's best judgment (or in the best judgment of the counsel preparing a witness to testify) it is necessary to do so.

7.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents; and

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

8. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Thus, the disclosure, inadvertent or otherwise, of privileged information will have the protections and processes provided for under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).

11. If the requesting party intends to challenge the assertion of privilege or work product protection with respect to a specific document under the above provision, the requesting party must notify the producing party within ten (10) days of receiving written notice of its privileged status of the requesting party's grounds for the challenge. The parties agree to meet and confer concerning any such dispute within ten (10) days of receiving written notice that privileged material should be returned. Should the parties fail to resolve the dispute, the requesting party must within 15 days of the meet and confer either move the Court for a determination regarding whether the specific document in question is privileged or return the privileged material to the producing party. The receiving party may challenge any assertion of privilege but may not assert as a ground for such motion the facts or circumstances of the disclosure.

12. Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. Absent the prior written consent of the producing party or an order of the Court, no receiving party shall upload, submit, disclose, quote, feed, or otherwise provide any produced documents or data into any artificial intelligence, machine learning, language model, generative text, or similar technology or service (collectively, "AI Tool") unless that AI Tool: (i) is an enterprise-grade platform that the receiving party (or its counsel) has licensed; (ii) is subject to a

binding written agreement that (1) requires the provider to keep all user-supplied data strictly confidential, and (2) expressly prohibits the provider from using such data for training, fine-tuning, product improvement, or any purpose other than providing the contracted-for services; and (iii) employs technical and organizational security measures reasonably designed to prevent any unauthorized access, disclosure, or use of produced documents or data.  The obligations and restrictions of this paragraph apply even where the produced documents or data has been anonymized.

14.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15.     Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information for a period of ten (10) days after the final transcript is delivered to the party being deposed (provided that party orders the transcript promptly).  No later than the tenth day after the transcript is delivered to the party being deposed or a party seeking to designate the material, whichever is later, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript to be designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left-hand corner of each designated page.  To the extent any party anticipates a need to file or disclose deposition testimony that has been designated as Highly Confidential under the first sentence of this paragraph, the parties agree to meet-and-confer promptly in advance of the filing as to the appropriate confidentiality treatment.

16.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing party to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

SO STIPULATED AND AGREED.

4

Dated:  New York, New York
      April 23, 2026

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge

5

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:


_____

Signed in the presence of:


_____

(Attorney)

6