**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, in its capacity as Administrative Agent, <br><br><br> Plaintiff, <br><br> v. <br><br> TELESAT GEO INC. (f/k/a Telesat Canada) and TELESAT LEO CANHOLD CORPORATION, <br><br><br><br> Defendants. | Case No. 1:26-cv-01346-VSB-SLC <br><br> **ECF Case** <br><br> **Oral Argument Requested** |

**DEFENDANT TELESAT LEO CANHOLD CORPORATION'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

KIRKLAND & ELLIS LLP

Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan
601 Lexington Avenue
New York, NY 10022
(212) 446-4800 (telephone)
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendant Telesat LEO CanHold*
*Corporation*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT ...............................................................................................................................2

I.      PLAINTIFF IDENTIFIES NO STATUTORY OR CONSTITUTIONAL BASIS FOR JURISDICTION OVER CANCO ........................................................................2

II.     PLAINTIFF'S "CLOSELY RELATED" THEORY DOES NOT ESTABLISH JURISDICTION OVER CANCO ........................................................................3

       A.     "Closely Related" Is Not a Substitute for Consent or Minimum Contacts.............3

       B.     Section 6.03 Does Not Provide Jurisdiction. ...........................................5

III.    PLAINTIFF'S UNPLED SUCCESSOR THEORY CONFLATES LIABILITY WITH JURISDICTION .....................................................................................7

       A.     Successor Liability and Successor Jurisdiction Are Distinct.................................8

       B.     Due Process Provides an Independent Constitutional Bar.....................................9

IV.    PLAINTIFF'S JURISDICTIONAL DISCOVERY REQUEST SHOULD BE DENIED.............................................................................................................10

CONCLUSION .........................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Raintree Vacation Exch., LLC*,
    702 F.3d 436 (7th Cir. 2012) ...................................................................................4

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
    529 F. Supp. 3d 111 (S.D.N.Y. 2021)....................................................................3, 5

*Aguas Lenders Recovery Grp. v. Suez, S.A.*,
    585 F.3d 696 (2d Cir. 2009)...................................................................................4, 8

*Arcadia Biosciences, Inc. v. Vilmorin & Cie*,
    356 F. Supp. 3d 379 (S.D.N.Y. 2019)....................................................................4, 8

*Asahi Metal Indus. Co. v. Superior Ct.*,
    480 U.S. 102 (1987)................................................................................................10

*Bent v. Zounds Hearing Franchising, LLC*,
    2015 WL 7721838 (S.D.N.Y. Nov. 30, 2015)..........................................................4

*Cargo Partner AG v. Albatrans Inc.*,
    207 F. Supp. 2d 86 (S.D.N.Y. 2002)........................................................................7

*Caviar Biotec Ltd. v. La Prairie, Inc.*,
    2026 WL 591749 (S.D.N.Y. Mar. 3, 2026) ..............................................................6

*Citi Structure Constr. v. Zurich Am. Ins. Co.*,
    2015 WL 4934414 (S.D.N.Y. Aug. 18, 2015)........................................................4, 6

*Clarke v. TRIGO U.S., Inc.*,
    2023 WL 2456814 (S.D.N.Y. Mar. 10, 2023) ..........................................................4

*Cognizant Tech. Sols. Corp. v. Bohrer PLLC*,
    2022 WL 1720319 (S.D.N.Y. May 27, 2022) ..........................................................4

*Cuno, Inc. v. Hayward Indus. Prods., Inc.*,
    2005 WL 1123877 (S.D.N.Y. May 10, 2005) ..........................................................4

*EPAC Techs. Ltd. v. Interforum S.A.*,
    217 A.D.3d 623 (1st Dep't 2023) .............................................................................6

*F5 Cap. v. RBS Sec. Inc.*,
    692 F. App'x 66 (2d Cir. 2017) ................................................................................4

*Fasano v. Li*,
    47 F.4th 91 (2d Cir. 2022) .......................................................................................4

iii

*Fitness Together Franchise, LLC v. EM Fitness, LLC*,
2020 WL 6119470 (D. Colo. Oct. 16, 2020) ...............................................................7

*Fly Shoes s.r.l. v. Bettye Muller Designs, Inc.*,
2015 WL 4092392 (S.D.N.Y. July 6, 2015) ...............................................................10

*Guardian Music Corp. v. James W. Guercio Enters., Inc.*,
459 F. Supp. 2d 216 (S.D.N.Y. 2006), *aff'd*, 271 F. App'x 119 (2d Cir. 2008).......................7

*Highland Crusader Offshore Partners, L.P. v. Targeted Delivery Techs. Holdings, Ltd.*,
184 A.D.3d 116 (1st Dep't 2020) ...............................................................6

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)...............................................................3

*Jazini v. Nissan Motor Co.*,
148 F.3d 181 (2d Cir. 1998)...............................................................3, 6, 10

*Jie Zhang v. Wen Mei, Inc.*,
2017 WL 8813132 (E.D.N.Y. Dec. 27, 2017) ...............................................................7

*Lavi v. MUFG Bank*,
2024 WL 3924710 (S.D.N.Y. Aug. 23, 2024)...............................................................7

*LoanCare, LLC v. Dimont & Assocs.*,
2025 WL 951585 (S.D.N.Y. Mar. 28, 2025) ...............................................................6

*Long Side Ventures LLC v. Hempacco Co., Inc.*,
2023 WL 6386888 (S.D.N.Y. Sept. 29, 2023)...............................................................7

*Magi XXI, Inc. v. Stato della Citta del Vaticano*,
714 F.3d 714 (2d Cir. 2013)...............................................................4

*Mersen USA EP Corp. v. TDK Elecs. Inc.*,
594 F. Supp. 3d 570 (S.D.N.Y. 2022)...............................................................4

*Midamines SPRL Ltd. v. KBC Bank NV*,
2014 WL 1116875 (S.D.N.Y. Mar. 18, 2014) ...............................................................4

*Novak v. Tucows, Inc.*,
2007 WL 922306 (E.D.N.Y. Mar. 26, 2007)...............................................................4

*In re Optimal U.S. Litig.*,
813 F. Supp. 2d 351 (S.D.N.Y. 2011)...............................................................4

*R4 GL Acquisition LLC v. Glorieta LLC*,
2026 WL 579181 (S.D.N.Y. Mar. 2, 2026) ...............................................................5

*Saidnia v. Nimbus Mining LLC*,
    2023 WL 7005037 (S.D.N.Y. Oct. 24, 2023) ...................................................................5

*Seagrape Invs. LLC v. Tuzman*,
    2024 WL 4337448 (S.D.N.Y. Sept. 26, 2024).............................................................5

*Seatig, Inc. v. BizLog, LLC*,
    2025 WL 3101250 (S.D.N.Y. Nov. 6, 2025)..............................................................4

*Silverman Partners LP v. Verox Grp.*,
    2010 WL 2899438 (S.D.N.Y. July 19, 2010) ...........................................................9

*Spiegel v. Schulmann*,
    604 F.3d 72 (2d Cir. 2010).........................................................................................7

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)......................................................................................3

*Time Warner Cable, Inc. v. Networks Grp., LLC*,
    2010 WL 3563111 (S.D.N.Y. Sept. 9, 2010)..........................................................10

*Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp.*,
    971 F. Supp. 2d 368 (S.D.N.Y. 2013)......................................................................7

*VJK Prods., Inc. v. Friedman/Meyer Prods., Inc.*,
    565 F. Supp. 916 (S.D.N.Y. 1983) ...........................................................................7

*Vorcom Internet Servs., Inc. v. L & H Eng'g & Design LLC*,
    2013 WL 335717 (S.D.N.Y. Jan. 9, 2013) .............................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014)...........................................................................................2, 3, 5, 6

*Weingard v. Telepathy, Inc.*,
    2005 WL 2990645 (S.D.N.Y. Nov. 7, 2005)...........................................................4

**Rules**

CPLR 301.................................................................................................................................2

CPLR 302.............................................................................................................................2, 5

CPLR C302:4A....................................................................................................................8, 9

CPLR C302:5...........................................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................................7, 8

## PRELIMINARY STATEMENT

Like the Complaint, Plaintiff's Opposition[1] fails to identify a single contact between CanCo and New York.  No surprise, as CanCo is a recently incorporated Canadian corporation with its headquarters in Ontario.  It conducts no business in New York and has no offices, employees, property, bank accounts, or agent in this State.  It has never consented to jurisdiction in New York, nor engaged in any New York-directed activity.  Yet despite this absence of New York contacts—and a parallel action by Plaintiff against CanCo in Ontario concerning the transaction at issue here—Plaintiff seeks to hale CanCo into this Court to litigate an Ontario *Fraudulent Conveyances Act* claim.  This effort is contrary to New York law and violates CanCo's due process.

Plaintiff's Opposition tries to circumvent this Court's lack of general or specific jurisdiction over CanCo through a series of convoluted theories.  Each fails.

***First***, Plaintiff invokes the "closely related" doctrine, arguing that because CanCo received Telesat Canada's LEO assets and the entities share some management, CanCo should be bound by the Credit Agreement's forum-selection clause.  But the Second Circuit has never endorsed the "closely related" doctrine as independent grounds for personal jurisdiction, and CanCo—which did not exist when the Credit Agreement was signed and never consented to its terms—cannot be haled into this forum on that basis.

***Second***, Plaintiff contends that Section 6.03 of the Credit Agreement, which requires any recipient of "all or substantially all" of Telesat Canada's assets to sign a joinder, independently subjects CanCo to the forum-selection clause.  That argument is self-defeating: Plaintiff's breach

---

[1]    As used herein "Opposition" or "Opp." refers to Plaintiff's Consolidated Memorandum of Law in Opposition to Defendants' Motions to Dismiss (Dkt. No. 53).  Capitalized terms have the same meanings as in CanCo's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 27) and its accompanying Memorandum of Law (Dkt. No. 28) (the "Motion" or "Mot.").  "Count II Mot." refers to Defendants' Motion to Dismiss or Temporarily Stay Count II (Dkt. No. 30) and its accompanying Memorandum of Law (Dkt. No. 31).

of contract claim (Count I) is premised on the fact that CanCo never signed a joinder and never assumed the Credit Agreement's obligations.  Plaintiff cannot simultaneously claim Telesat Canada breached by failing to ensure a joinder was signed, but still CanCo consented for jurisdictional purposes.

*Third*, Plaintiff argues that CanCo is a "successor" to Telesat Canada because the Transaction was allegedly fraudulent.  But successor liability is not successor jurisdiction.  No New York court has held that a viable fraudulent-transfer theory automatically confers personal jurisdiction over a foreign transferee with no forum contacts.  CanCo should be dismissed for lack of jurisdiction.

## ARGUMENT

## I.    PLAINTIFF IDENTIFIES NO STATUTORY OR CONSTITUTIONAL BASIS FOR JURISDICTION OVER CANCO

Plaintiff's Opposition concedes the dispositive facts.  It does not assert that CanCo signed the Credit Agreement.  It identifies no contact between CanCo and New York.  It does not challenge the facts in the Tremblay Declaration.  And it does not dispute that CanCo was formed on June 27, 2025—long after the Credit Agreement was negotiated and signed.  Compl. ¶20; Tremblay Decl. ¶5.  Each concession is independently dispositive.

New York's long-arm statute and the Due Process Clause require a defendant's own contacts with the forum.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (jurisdictional relationship "must arise out of contacts that the 'defendant *himself*' creates with the forum State").  Plaintiff does not argue that CanCo "transacted business" under CPLR 302(a)(1).  It does not argue that CanCo committed a tortious act under CPLR 302(a)(2)-(3).  It does not invoke CPLR 301.  And it does not contend that CanCo has the minimum contacts due process requires.  Plaintiff claims

those analyses are "irrelevant" because a forum-selection clause supposedly renders them unnecessary. Opp. 27. Plaintiff cannot avoid the constitutional due-process requirements.

The Tremblay Declaration confirms the absence of forum contact. Once a defendant submits a sworn declaration controverting jurisdiction, the plaintiff may not rest on its pleadings. It must come forward with admissible evidence of its own. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184-85 (2d Cir. 1998). Plaintiff offers none. CanCo's lack of forum contacts is dispositive.[2]

## II.   PLAINTIFF'S "CLOSELY RELATED" THEORY DOES NOT ESTABLISH JURISDICTION OVER CANCO

### A.   "Closely Related" Is Not a Substitute for Consent or Minimum Contacts.

The Motion established three undisputed jurisdictional facts: (i) CanCo did not sign the Credit Agreement; (ii) CanCo did not exist when the Credit Agreement was negotiated or executed; and (iii) CanCo has no contacts of its own with New York. Mot. 11-13, 16-18; Tremblay Decl. ¶¶5, 7, 11-18. Plaintiff is therefore left with two potential routes to personal jurisdiction over CanCo: (1) valid consent, express or attributable to a non-signatory under ordinary contract or agency principles; or (2) its own *minimum contacts* with the forum. *Walden*, 571 U.S. at 284; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff establishes neither.

Plaintiff cannot establish consent. Plaintiff does not identify any agency, alter-ego, estoppel, true successorship or other theory under which Telesat Canada's contractual consent could be attributed to CanCo. Instead, Plaintiff contends that because CanCo received Telesat Canada's LEO assets and shares some management, CanCo is "closely related" to

---

[2]   The Opposition lumps "Defendants" together when describing the *only* New York-related conduct it identifies—negotiation of the Credit Agreement and the choice of New York law and forum. Opp. 6-8, 14-17. None of that conduct is attributable to CanCo. CanCo did not exist until June 27, 2025, long after the Credit Agreement was negotiated and signed. Compl. ¶20. Personal jurisdiction must be established "separately over each defendant . . . with respect to each claim asserted," and group pleading "is not permitted." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021); *see also SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (dismissing claims against foreign affiliates that "lack[ed] any presence in New York at all"). Stripped of improper group references, Plaintiff identifies no New York conduct by CanCo.

Telesat Canada and bound by the forum-selection clause in Section 9.15.   Opp. 13-21.   This argument fails.

*Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 395 (S.D.N.Y. 2019) has already rejected such a theory of constructive consent as insufficient by itself to establish personal jurisdiction, holding that "constitutional requirements caution against a liberal application of forum selection clauses to non-signatory defendants."   Courts have since repeatedly held that the "closely related" doctrine cannot extend personal jurisdiction over a non-signatory without satisfying ordinary due-process limits.   *See Clarke v. TRIGO U.S., Inc.*, 2023 WL 2456814, at *5 (S.D.N.Y. Mar. 10, 2023) ("[P]ersonal jurisdiction premised on the 'closely related to' or other theory of constructive consent must still satisfy the requirements of due process of law."); *Mersen USA EP Corp. v. TDK Elecs. Inc.*, 594 F. Supp. 3d 570, 583-84 (S.D.N.Y. 2022) ("constitutional concerns prohibit the application of the 'closely related' doctrine" absent minimum contacts); *Seatig, Inc. v. BizLog, LLC*, 2025 WL 3101250, at *4 (S.D.N.Y. Nov. 6, 2025) ("Recent opinions in this district persuasively articulate why it would be inappropriate to extend the closely related doctrine to the personal jurisdiction context.").   Plaintiff's own authorities are inapplicable as they do not address personal jurisdiction, but instead involve venue transfers or *forum non conveniens*, contexts in which due process is not implicated.[3]

---

[3]    *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696 (2d Cir. 2009) (*forum non conveniens*); *Fasano v. Li*, 47 F.4th 91 (2d Cir. 2022) (same); *Citi Structure Constr. v. Zurich Am. Ins. Co.*, 2015 WL 4934414 (S.D.N.Y. Aug. 18, 2015) (same); *F5 Cap. v. RBS Sec. Inc.*, 692 F. App'x 66 (2d Cir. 2017) (same); *Midamines SPRL Ltd. v. KBC Bank NV*, 2014 WL 1116875 (S.D.N.Y. Mar. 18, 2014) (same); *Cognizant Tech. Sols. Corp. v. Bohrer PLLC*, 2022 WL 1720319 (S.D.N.Y. May 27, 2022) (same); *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714 (2d Cir. 2013) (improper venue); *Weingard v. Telepathy, Inc.*, 2005 WL 2990645 (S.D.N.Y. Nov. 7, 2005) (same); *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 351 (S.D.N.Y. 2011) (same); *Novak v. Tucows, Inc.*, 2007 WL 922306 (E.D.N.Y. Mar. 26, 2007) (same); *Cuno, Inc. v. Hayward Indus. Prods., Inc.*, 2005 WL 1123877 (S.D.N.Y. May 10, 2005) (§ 1404(a) transfer); *Bent v. Zounds Hearing Franchising, LLC*, 2015 WL 7721838 (S.D.N.Y. Nov. 30, 2015) (same); *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436 (7th Cir. 2012) (improper venue and, alternatively, *forum non conveniens*).

The only New York "contacts" Plaintiff identifies belong to Telesat Canada—its negotiation, execution, and performance of the Credit Agreement—which Plaintiff argues should be imputed to CanCo based on the Transaction. Opp. 6; Compl. ¶¶23-25. That is the type of third-party-contact theory the Supreme Court rejected in *Walden*. 571 U.S. at 284, 291 ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.").[4]

**B.    Section 6.03 Does Not Provide Jurisdiction.**

Plaintiff's Section 6.03 argument is a liability theory dressed up as jurisdiction. Section 6.03 requires any recipient of "all or substantially all" of Telesat Canada's assets to assume the "obligations of the Canadian Borrower" through a joinder. Credit Agreement § 6.03(a)(ii) (Dkt. No. 1-1). Plaintiff argues that because CanCo allegedly received substantially all of Telesat Canada's LEO assets, Section 6.03 automatically made CanCo a "Successor Company" bound by the forum-selection clause absent a signed joinder. Opp. 12-16.

Under New York law, "[t]he threshold question of jurisdiction under CPLR 302(a) is severable from the defendant's ultimate liability," John P. Alexander & Kelly Mauceri Alexander, 2024 Supp Prac. Commentaries, McKinney's Cons Laws of NY, CPLR C302:5, and jurisdiction must be established defendant-by-defendant and claim-by-claim, *In re Aegean Marine*, 529 F. Supp. 3d at 135. Whether CanCo received "all or substantially all" of Telesat Canada's assets, and whether Telesat Canada breached its joinder obligation, are *merits* questions—not jurisdictional ones. The Complaint confirms this. Count I, asserted against only Telesat Canada, is premised on the *failure* to procure CanCo's joinder. Compl. ¶¶68-69, 101. Plaintiff cannot have

---

[4]    Plaintiff's authorities are inapposite. *R4 GL Acquisition LLC v. Glorieta LLC*, 2026 WL 579181, at *3, 6-8 (S.D.N.Y. Mar. 2, 2026), bound an owner who personally signed the agreement. *Saidnia v. Nimbus Mining LLC*, 2023 WL 7005037, at *6-7 (S.D.N.Y. Oct. 24, 2023), enforced a clause against non-signatory corporate officers that participated in negotiating and performing the contract on behalf of the signatory company. *Seagrape Invs. LLC v. Tuzman*, 2024 WL 4337448, at *7 (S.D.N.Y. Sept. 26, 2024), required well-pleaded allegations that the non-signatory acted in concert with the signatory, not merely with knowledge of the agreement.

it both ways.  If Section 6.03 self-executed to bind CanCo the moment assets allegedly transferred, Telesat Canada automatically discharged its joinder obligation and Count I states no claim. Plaintiff's contrary theory—that Telesat Canada breached by failing to cause CanCo to sign (Opp. 12-16)—confirms that Section 6.03 creates an alleged obligation of Telesat Canada, not a jurisdictional hook over a non-signatory.

Plaintiff nonetheless contends that because Section 6.03 requires any transferee to sign a joinder, it was "plainly foreseeable" and "expressly contemplated" that CanCo would be bound by the forum-selection clause.  Opp. 15.  Putting aside the dispute over whether there was any obligation here, foreseeability of breach is not consent to jurisdiction.  By Plaintiff's logic, any counterparty to a contract with a successor-obligor clause could drag any non-signatory affiliate into the contract's forum by alleging an asset transfer, regardless of forum contacts.  That is not the law.  *Walden*, 571 U.S. at 284; *Jazini*, 148 F.3d at 184.[5]

A forum-selection clause does not bind future affiliates absent "explicit language demonstrating the parties' intent" to do so, and "affiliate" in such clauses "includes only those affiliates in existence at the time that the contract was executed" unless the parties say otherwise. *Highland Crusader*, 184 A.D.3d at 125.  That is not the case here.  Compl. ¶20; Tremblay Decl. ¶¶5, 7.[6]  And Plaintiff has failed to identify a single authority in which a non-signatory was bound

---

[5]  Plaintiff's "expressly contemplated" cases (Opp. 15) are distinguishable.  In each, the contract bound the non-signatory on its own terms, automatically and from execution, without any triggering event or further document. *See Caviar Biotec Ltd. v. La Prairie, Inc.*, 2026 WL 591749, at *6 (S.D.N.Y. Mar. 3, 2026) (in the *forum non conveniens* context, holding that a forum selection clause in an NDA applied to a non-signatory because its terms expressly required signatory's "affiliates," defined to include all entities under common control, "to comply with the agreement"); *Citi Structure Constr.*, 2015 WL 4934414, at *3 (contract "expressly contemplated" enforcement by non-signatory); *Highland Crusader Offshore Partners, L.P. v. Targeted Delivery Technologies Holdings, Ltd.*, 184 A.D.3d 116, 124-25 (1st Dep't 2020) (non-signatories were parents to or partners who had executed the relevant agreement on behalf of the signatory entities and were specifically referenced in that agreement).

[6]  Plaintiff's remaining authorities (Opp. 21-22) are unpersuasive.  *LoanCare, LLC v. Dimont & Associates*, 2025 WL 951585, at *12 (S.D.N.Y. Mar. 28, 2025), bound a non-signatory that acquired the signatory's entire operating business, hired its employees, then continued all operations, including performance under the relevant *(continued on next page)*

6

to a forum-selection clause based on another party's alleged breach of a promise to obtain that non-signatory's consent.  Section 6.03 does not provide for jurisdiction over CanCo.

## III.    PLAINTIFF'S UNPLED SUCCESSOR THEORY CONFLATES LIABILITY WITH JURISDICTION

The Complaint never pleads successor liability and identifies no participation by CanCo in the formation or performance of the Credit Agreement.  Mot. 16 n.8.  Plaintiff does not dispute that it failed to plead this jurisdictional basis; it simply argues that it needed only to "intimate a successor relationship."  Opp. 26.  That is not the law.  Jurisdiction must be adequately pled, and "intimating" is not a pleading standard.[7]  *See Long Side Ventures LLC v. Hempacco Co., Inc.*, 2023 WL 6386888, at *10 (S.D.N.Y. Sept. 29, 2023); *Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 114 (S.D.N.Y. 2002) (dismissing where complaint "fail[ed] to allege a basis for successor liability under any of the four exceptions to the general rule of non-liability").

Plaintiff nonetheless contends that an allegedly fraudulent LEO spin-off transforms CanCo into a "successor" of Telesat Canada, and that successor status alone supplies personal jurisdiction.  Opp. 24-27.  That theory fails twice over.  ***First***, successor liability and successor jurisdiction are

---

agreement.  *EPAC Techs. Ltd. v. Interforum S.A.*, 217 A.D.3d 623, 625 (1st Dep't 2023), bound a non-signatory parent that had actively managed and controlled the signatory's performance of the relevant agreement.  *Fitness Together Franchise, LLC v. EM Fitness, LLC*, 2020 WL 6119470, at *5-6, *9 (D. Colo. Oct. 16, 2020), bound non-signatory entities because there, unlike here, those entities were concededly created to violate the agreement then being negotiated, and were the direct instruments and beneficiaries of those violations.  *Guardian Music Corporation v. James W. Guercio Enterprises, Inc.*, 459 F. Supp. 2d 216, 223 (S.D.N.Y. 2006), *aff'd*, 271 F. App'x 119 (2d Cir. 2008), and *VJK Productions, Inc. v. Friedman/Meyer Productions, Inc.*, 565 F. Supp. 916, 920 (S.D.N.Y. 1983), stand for the unremarkable proposition that a contracting party cannot rely on its nonperformance or wrongdoing as a defense to a material breach claim and provide no insight relevant to the present context.

[7]    Plaintiff's reliance on *Tommy Lee* is misplaced.  There, the court held, on a Rule 12(b)(6) motion, that it was proper to consider whether the successor liability theory had facial plausibility where the complaint pled detailed factual allegations of successorship but omitted the label.  *Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp.*, 971 F. Supp. 2d 368, 374 n.3 (S.D.N.Y. 2013).  Plaintiff has not pled the factual predicates for successor jurisdiction.  Plaintiff's suggestion that it "can easily amend its Complaint" fares no better.  Opp. 26.  Magic words do not cure the legal and factual hurdles that foreclose successorship here.  *See infra* Sections III.A-B; *see also Lavi v. MUFG Bank*, 2024 WL 3924710, at *4 (S.D.N.Y. Aug. 23, 2024) (denying leave to amend as futile where "[i]t is clear that the Court lacks personal jurisdiction and there [was] no indication that additional facts would change that conclusion"); *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010).  *Jie Zhang v. Wen Mei, Inc.*, 2017 WL 8813132 (E.D.N.Y. Dec. 27, 2017), is further afield—the court there ruled on a Rule 12(b)(6) motion that did not involve successor liability.

distinct inquiries. *Second*, even if Plaintiff could clear the successor-jurisdiction threshold, constitutional due process forecloses haling CanCo into this forum.

### A.   Successor Liability and Successor Jurisdiction Are Distinct.

Successor liability is not a substitute for establishing personal jurisdiction over the alleged successor. Plaintiff's Opposition assumes that because it has pled a successor-liability theory as part of its fraudulent conveyance claim, personal jurisdiction over CanCo follows. Opp. 24-27. Wrong. *See* McKinney Prac. Commentaries, CPLR C302:4A (noting that successor liability does not equate to personal jurisdiction).

Plaintiff invokes the four-factor successor test articulated in *Aguas*, in which "a transferee of assets . . . is deemed a successor in interest to the transferor [where]: (1) it formally assumed the transferor's debts; (2) the transaction was undertaken to defraud creditors; (3) the transferee de facto merged with the transferor; or (4) the transferee is a mere continuation of the transferor." Opp. 24. Plaintiff relies only on the second prong, arguing that the alleged fraudulent conveyance alone makes CanCo a successor for jurisdictional purposes. *Id*. 24-26. That theory fails.

*First*, the *Aguas* test is a substantive successor-liability standard, not a Rule 12(b)(2) personal jurisdiction analysis. The Second Circuit articulated the test in the context of *forum non conveniens*, not personal jurisdiction. *See Arcadia*, 356 F. Supp. 3d at 394-95 (distinguishing *Aguas* and its progeny as cases that "involved motions to dismiss based on grounds of improper venue and *forum non conveniens*, not motions to dismiss for lack of personal jurisdiction"). Plaintiff cites no authority applying the *Aguas* factors as a test for personal jurisdiction over a foreign entity with no forum contacts.

*Second*, even if the *Aguas* factors could provide for personal jurisdiction, Plaintiff's theory conflates substantive liability with jurisdictional authority. Even assuming Plaintiff had plausibly

pled a fraudulent conveyance against Telesat Canada (it has not, *see* Count II Mot. 21-24), that does not automatically supply this Court jurisdiction over CanCo.

**Third**, none of Plaintiff's fraudulent-transfer cases supports its jurisdictional argument. For instance, *Silverman Partners LP v. Verox Group,* 2010 WL 2899438, at *1 (S.D.N.Y. July 19, 2010), addressed substantive successor liability between domestic entities whose jurisdiction was uncontested—not whether a foreign holding company lacking forum contacts could be haled into New York on a fraudulent-transfer theory.  The court performed no due-process analysis.  Plaintiff offers no authority for using the fraud-on-creditors prong to manufacture personal jurisdiction over a non-signatory foreign affiliate with no New York contacts.[8]

### B.    Due Process Provides an Independent Constitutional Bar.

Even assuming that Plaintiff has plausibly alleged successor liability, successor jurisdiction does not displace the constitutional minimum-contacts inquiry.  "The fairness/reasonableness prong of due process analysis . . . provides a safety valve" where "the forum's interest in entertaining the suit is weak and the competing hardships, conveniences and efficiencies favor" the defendant.  *See* CPLR C302:4A.  That is precisely this case.  CanCo is a Canadian holding corporation formed in June 2025, with no New York employees, offices, or operations, and no role in negotiating, executing, or performing under the Credit Agreement.  Compl. ¶20; Tremblay Decl. ¶¶3-5, 7, 11-14.  The Opposition is silent in response to these facts.  Plaintiff's interest in relief is vindicated by its claims against Telesat Canada, which concedes jurisdiction.  "Great care and

---

[8]    The fraud exception is the most unsettled vehicle for *jurisdictional* imputation under New York law.  The Court of Appeals has never endorsed it, and the Practice Commentaries acknowledge that the issue is open and "highly fact-specific" even where adopted.  CPLR C302:4A.

reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987).[9]

## IV.     PLAINTIFF'S JURISDICTIONAL DISCOVERY REQUEST SHOULD BE DENIED

A plaintiff seeking jurisdictional discovery must make a *prima facie* showing, or identify a genuine factual dispute. *Jazini*, 148 F.3d at 183-86 (affirming denial of jurisdictional discovery where plaintiff's allegations did not establish *prima facie* case of personal jurisdiction). Plaintiff offers neither. It identifies no facts that discovery would uncover and no concrete theory tying CanCo to New York. Its request must be denied. *Id*.

## CONCLUSION

For these reasons, CanCo's motion to dismiss for lack of personal jurisdiction should be granted.

---

[9]     Plaintiff's remaining successor-jurisdiction cases involve facts absent here: continuation of the transferor's business operations, shared websites, shared phone numbers, and shared customer-facing business. *See, e.g.*, *Time Warner Cable, Inc. v. Networks Grp., LLC*, 2010 WL 3563111, at *5-7 (S.D.N.Y. Sept. 9, 2010); *Fly Shoes s.r.l. v. Bettye Muller Designs, Inc.*, 2015 WL 4092392, at *1-5 (S.D.N.Y. July 6, 2015); *Vorcom Internet Servs., Inc. v. L & H Eng'g & Design LLC*, 2013 WL 335717, at *5 (S.D.N.Y. Jan. 9, 2013).

Dated: New York, New York
      June 1, 2026

KIRKLAND & ELLIS LLP

*/s/ Josh Greenblatt*
Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan
601 Lexington Avenue
New York, NY 10022
(212) 446-4800 (telephone)
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendant Telesat LEO CanHold Corporation*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York, I certify that this document complies with Rule 7.1(c)'s word count limit because it contains 3,500 words, excluding the sections exempted by Rule 7.1(c). In making this certification, I relied on the word count of the word-processing program used to prepare this document.

*/s/ Josh Greenblatt*
Josh Greenblatt