July 23, 2026

**By ECF**

Hon. Sarah L. Cave
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

Re:    *Wilmington Savings Fund Soc'y, FSB* v. *Telesat Canada*, No. 1:26-cv-1346
       (S.D.N.Y.)

Dear Judge Cave:

Pursuant to this Court's June 26 Order (ECF No. 73), the parties write to update the
Court about discovery ahead of the July 27 conference:

- Defendants made document productions on June 12 (an overlay to address
  redaction issues), June 18, July 6, and July 22.

- On June 29, Defendants served their Second Amended Responses and
  Objections ("R&Os") to Plaintiff's Requests for Production ("RFPs"). On July
  3, Plaintiff raised issues with these R&Os. The parties met, conferred, and
  reached agreement regarding the issues identified.

- On July 3, as ordered by the Court, Defendants provided hit counts for Chris
  DiFrancesco's custodial files. On July 20, Plaintiff proposed narrowed search
  terms, to which Defendants responded on July 22.

- On July 8, Defendants agreed to review the hits on Plaintiff's proposed search
  terms for the agreed-upon Telesat custodians.

- On July 17, Defendants provided hit counts for Plaintiff's May 1 proposed
  search terms for the agreed-upon PJT custodians. Plaintiff responded on July
  20, and the parties continue to discuss.

- On July 17, Plaintiff served its amended R&Os to Defendants' interrogatories
  ("ROGs"), which Defendants are reviewing.

- On May 23, Plaintiff raised concerns with Defendants' R&Os to Plaintiff's
  interrogatories. On June 29, Defendants stated that they would serve amended
  R&Os.

- On July 20, pursuant to the ESI protocol as modified by stipulation and order
  (ECF 71), the parties reached agreement concerning production of documents
  attached to emails by hyperlink ("modern attachments"). To the extent

Hon. Sarah L. Cave
June 23, 2026
Page 2

communications with modern attachments hit on search terms and are responsive and nonprivileged, the parties will produce the current/as collected version of the modern attachment, if it is also nonprivileged.  After reviewing the modern attachment, if the receiving party has questions about the modern attachment that it believes to be necessarily relevant to its claims and/or defenses and would like confirmation that the produced version of the modern attachment was the actual version that was attached to the communication, the receiving party may ask for additional information about that modern attachment and the producing party will investigate the issue and provide further information, including prior versions of the document (including the version at the time of the underlying email) to the extent available.  Follow-up requests will be limited to a reasonable number, and the parties will act in good faith.

- On July 20, Defendants sent Plaintiff a privilege log proposal discussed below.

The parties each make their own statements below.

## I.    Plaintiff's Statement

**Priority Custodian Productions.**    The pace of Defendants' discovery efforts causes concern.  Plaintiff served its first RFPs on January 28 and proposed a search protocol on April 24.  Plaintiff agreed to designate certain "priority custodians" from whom Defendants would produce documents before producing from further custodians, to accelerate the early production of documents while acknowledging needed additional discovery.  There has been no acceleration.  Although some priority custodians were agreed upon in mid-May and others in early June, Defendants have not produced a single custodial document.  They have belatedly produced hit reports for some custodians, but failed to provide them for other custodians agreed to over one month ago and for certain categories of documents (including Bloomberg messages and texts).

Given the September 15 deadline for substantial completion of *all* document productions, discovery must accelerate.  Plaintiff requested assurance that Defendants would complete priority custodial productions by July 31.  Defendants refused and provided no alternatives.  Plaintiff later proposed that Defendants complete these productions by August 15, which would still allow only one month for non-priority productions.  Defendants did not respond, and their position below confuses a deadline for priority custodians with a deadline for all custodians.

Plaintiff respectfully requests that the Court order that priority custodial productions begin immediately and be substantially completed by August 15.

**Privilege Log.**    Defendants articulate no basis for a metadata log or for waiving a redaction log.  Rather, a traditional privilege log is critical given Defendants' history of improper privilege assertions in their limited productions to date.

Hon. Sarah L. Cave
June 23, 2026
Page 3

Defendants' initial production of 63 documents contained extensive redactions of critical, non-privileged material, such as the solvency opinion from valuation firm Stout Risius Ross LLC ("Stout"), which the Telesat boards relied on in approving the Transaction. After much correspondence, Defendants have since produced three overlays confirming that the redactions were overbroad. Exs. A, C (previously redacted material highlighted). Defendants' more recent productions reflect continued redactions of what appears to be nonprivileged business material. Ex. B. These deficiencies confirm the need for full privilege and redaction logs.

Especially in these circumstances, defendants' proposal would contravene Rule 26's requirement to describe documents sufficiently to "enable other parties to assess the claim" of privilege. *See* Local Civil Rule 26.2(c) (metadata log allowed only "[w]hen appropriate"); *McNamee* v. *Clemens*, 2014 WL 1338720, at *3 (E.D.N.Y. Apr. 2, 2014) (subject lines insufficient); *Beverley* v. *N.Y.C. Health & Hosps.*, 2024 WL 1342806 (S.D.N.Y. Mar. 29, 2024) (redaction log required).

**AHG Discovery.** Defendants' request for discovery from 38 nonparty financial institutions—the entire AHG—is neither relevant nor proportional, and transparently seeks to impose burden. Plaintiff is WSFS, the Administrative Agent under the Credit Agreement, and has agreed to produce documents. It has also agreed to produce documents from the three nonparty AHG-member lenders directing it, including documents showing their holdings as of the dates of the Transaction and the Complaint.

Defendants seek broader and irrelevant discovery from institutions *not* directing Plaintiff (as Plaintiff showed in response to Defendants' request for documentary evidence). Defendants assert relevance to damages claims, but Plaintiff's damages theory is based on *all* the entitlement of all lenders to payment of principal and interest on their Telesat loans, regardless of whether those lenders are even in the AHG, and regardless of what they paid for the loans. The collective injury to all lenders does not depend on the trading history of any individual lender, and non-party individual lenders' subjective views are irrelevant. *Cf. In re Serta Simmons Bedding*, 2026 WL 1968535, at *23–26 (Bankr. S.D. Tex. July 7, 2026) (trading in term loans irrelevant to contract damages and mitigation). How WSFS apportions damages after recovery is not Defendants' business. *See Alter Domus* v. *Winget*, 801 F. Supp. 3d 725, 733 (E.D. Mich. 2025) (quoting *Sprint Commc'ns* v. *APCC Servs.*, 554 U.S. 269, 287 (2008)). By contrast, *Winnick*, cited below, addressed misrepresentation claims, which require individual reliance. 228 F.R.D. at 506; *cf. In re Tex. Rangers Baseball*, 2012 WL 2522427, at *1 (N.D. Tex. June 13, 2012) (declining to compel discovery from AHG members because collection burdensome and requests overbroad).

## II. Defendants' Statement

Defendants respond to Plaintiff's issues:

- **Defendants Meet Discovery Obligations and Deadlines**. On July 3, Defendants confirmed they would meet the September 15 substantial completion deadline.

Hon. Sarah L. Cave
June 23, 2026
Page 4

Plaintiff nevertheless unilaterally demands an accelerated document production deadline, and (with Defendants refusing to acquiesce to this demand as unwarranted and burdensome) now asks the Court to impose this arbitrary deadline on Defendants only. But Plaintiff already sought expedited document discovery (ECF 34 at 5)—it was rejected (ECF 40 at 46).

Defendants have proceeded in good-faith and complied with their discovery obligations. Defendants agreed to 16 custodians (out of the 33 Plaintiff proposed), accepted Plaintiff's proposed search terms for 8 of the agreed-upon custodians, and are working to advise on the remaining custodians.

Defendants have made 6 rolling (approximately bi-weekly) productions, totaling over 50,000 pages and 720 documents.

Plaintiff has made 3 productions (188 documents). Plaintiff has not produced a custodial email or chat, nor provided a hit report for Defendants' May 27 proposed search protocol or advised on document collection status.

Plaintiff's tired and repeated mischaracterization of Defendants' discovery efforts is nothing more than the sort of contrived grievances the Court has warned against. Plaintiff's unilateral request for an expedited document discovery deadline should be rejected.

- **Redactions.** Plaintiff has raised questions regarding certain privilege redactions. Defendants have responded, providing information and answers, and when appropriate, producing revised redactions. Defendants maintain that the parties continue to productively resolve these issues.

Defendants raise the following items:

- **Privilege Logs.** Consistent with Local Civil Rule 26.29(c), Defendants propose the parties serve metadata logs that provide the following for each document withheld on the basis of privilege: Priv Log No.; Begin Bates; Family Date; Record Type; File Type; File Name; Author; Email Subject; Email From / To / CC / BCC; and Privilege Type.

For privilege redactions, Defendants propose that the parties not log these documents but continue instead to resolve any questions regarding privilege redactions through email and, as necessary, overlay productions with revised redactions.

- **Discovery from the Ad Hoc Group ("AHG").** Plaintiff, as Administrative Agent, acts on behalf of the AHG—comprised of 3 Directing Lenders and 18 additional lender entities. Defendants seek limited go-get categories of discovery from the AHG, including categories of documents like:

Hon. Sarah L. Cave
June 23, 2026
Page 5

- o   Current and historical investments in Defendants/the Term Loan and discrete related datapoints.

- o   Investment memoranda, financial/business projections, presentations, reports, etc. concerning any investment in Defendants, the LEO or GEO businesses, or the Term Loan.

Plaintiff has blocked all discovery from the AHG except for the Directing Lenders.

Production of these types of limited go-get requests is necessary, relevant, and should be ordered. Plaintiff's Complaint alleges that it seeks to recover damages on behalf of the AHG. *See, e.g.*, ECF 1-1 ¶¶ 94-105,109. Plaintiff's amended R&Os to interrogatories confirm the same. *See* Ex. D at 13-14. Simply put, Defendants should not be required to defend AHG-wide claims and damages while receiving discovery from only three AHG members.

Dated: July 23, 2026

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *William A. Clareman*
Brian S. Hermann
William A. Clareman
Joseph M. Graham
Paul A. Paterson

1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
bhermann@paulweiss.com
wclareman@paulweiss.com
jgraham@paulweiss.com
ppaterson@paulweiss.com

*Attorneys for Plaintiff*
*Wilmington Savings Fund Soc'y, FSB*

Hon. Sarah L. Cave
June 23, 2026
Page 6

Dated: June 23, 2026                     KIRKLAND & ELLIS LLP


By: */s/ Josh Greenblatt*
Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan

601 Lexington Avenue
New York, NY 10022
(212) 446-4800
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendants*
*Telesat GEO Inc. (f/k/a Telesat Canada) and*
*Telesat LEO CanHold Corporation*