# **EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, in its capacity as Administrative Agent<br><br>*Plaintiff*,<br><br>v.<br><br>TELESAT CANADA and TELESAT LEO CANHOLD CORPORATION<br><br>*Defendants*. | Case No. 1:26-cv-01346 |

**PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB'S AMENDED
RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
<u>INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Local Rules of the United States District Court for the Southern District of New York (the

"Local Rules"), Plaintiff Wilmington Savings Fund Society, FSB ("WSFS"), by and through its

undersigned attorneys, hereby submits the following amended responses and objections (the

"Responses and Objections") to Defendants Telesat Canada and Telesat LEO CanHold

Corporation's First Set of Interrogatories, dated April 17, 2026 (the "Interrogatories" and each an

"Interrogatory").

**<u>GENERAL OBJECTIONS</u>**

The following general objections (the "General Objections") apply to each Interrogatory,

Definition, and Instruction, and unless otherwise stated, shall have the same force and effect as if

set forth in full in response to each Interrogatory, Definition, and Instruction. Any undertaking to

search for or provide information in response to any of the Interrogatories remains subject to the

1

General Objections and to any specific objections set forth below (the "Specific Objections"). The General Objections are neither waived nor limited by the Specific Objections.

1.  Plaintiff makes these Responses and Objections based solely on its current knowledge, understanding, and belief based upon the facts and information known as of the date on which these Responses and Objections are made. Plaintiff reserves its rights at any time to revise, correct, add to, or clarify the Responses and Objections and information set forth herein and any production made pursuant thereto. Should Plaintiff at any time supplement or amend these Responses and Objections by agreement or otherwise, Plaintiff expressly reserves its rights to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

2.  Any confidential information provided in this matter is subject to the Confidentiality Stipulation and Protective Order and the Stipulation Regarding Production of Documents and Electronically Stored Information entered by the Court.

3.  In providing any information in response to the Interrogatories, Plaintiff does not admit to or concede the relevance, materiality, authenticity, or admissibility in evidence of any such responses or information.

4.  Plaintiff objects to the Interrogatories to the extent they are inconsistent with or seek information beyond the scope and/or limits of the Federal Rules and the Local Rules, the case law interpreting each of them, or any other laws or rules applicable to the proceedings in this Court.

5.  Plaintiff objects to each Definition, Instruction, and Interrogatory to the extent they seek information not relevant to the claims or defenses in this action.

6.  Plaintiff objects to each Definition, Instruction, and Interrogatory to the extent they seek information that is not proportional to the needs of the case.

2

7.      Plaintiff objects to the Interrogatories to the extent that they purport or may be construed to call for Plaintiff to collect, organize or report information, or otherwise create or produce information, not within Plaintiff's possession, custody, or control.  Pursuant to a reasonable search, Plaintiff will provide information in response to these Interrogatories that is within its knowledge, possession, custody, or control.

8.      Plaintiff objects to each Definition, Instruction, and Interrogatory to the extent that they call for documents, information, and/or data readily available through public sources, from sources that are more convenient, less burdensome, or less expensive, or from sources that are more readily available to Defendants than to Plaintiff.

9.      Plaintiff objects to the Interrogatories to the extent that they contain implications or any explicit or implicit characterization of facts, events, circumstances, issues, or erroneous or disputed facts or legal conclusions.  Nothing in these Responses and Objections shall be deemed, nor is intended, to mean that Plaintiff admits, adopts, acquiesces to, or otherwise accepts the way in which the Interrogatories describe or characterize the facts, circumstances, subject matter, or events discussed.  While Plaintiff may use certain of Defendants' terms in its Responses and Objections, such usage is solely for convenience, does not constitute an endorsement of or agreement to any purported facts stated or implied by the terms, and is without prejudice to Plaintiff's rights to dispute facts and legal conclusions assumed in the Interrogatories.  Plaintiff reserves the right to contest any such characterization as inaccurate.

10.      Plaintiff objects to the Interrogatories to the extent that the individuals identified in these Responses and Objections have knowledge that is in whole or in part protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or other privileges or exemptions from disclosure under applicable laws

3

or rules.  Identification of such individuals in these Responses and Objections is not a waiver of any such privilege, immunity, or protection; nor is it an admission that such individuals have discoverable information or that discovery is appropriate with respect to each individual identified. Plaintiff objects to the Interrogatories under Local Rule 33.3(a) to the extent they call for responses other than "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents."

11.    Plaintiff objects to the Interrogatories under Local Rule 33.3(b) to the extent they call for responses better suited for production or depositions.

12.    Plaintiff objects to the "Definitions" set forth in the Interrogatories to the extent that they seek to impose duties or obligations on Plaintiff beyond those imposed by the Federal Rules, Local Rules, and any applicable orders of this Court.

13.    In the event that some Definitions are contained within other Definitions, Plaintiff incorporates its objections to the underlying Definition(s) as objections to superseding Definitions and vice versa.

14.    Defendants have incorporated by reference into the Interrogatories the Definitions they set forth in Defendants' First Set of Requests for Production.  Plaintiff thus incorporates by reference here the objections to those Definitions it set forth in its Responses and Objections to Defendants' First Set of Requests for Production, which it served on May 14, 2026.

15.    Plaintiff objects to Definition 2 ("'Identify,' when used with reference to a natural person") to the extent it is inconsistent with, or imposes obligations in excess of, Local Rule 26.3(c)(3).  In responding to the Interrogatories, Plaintiff will construe the term "Identify," with respect to persons, in a manner consistent with Local Rule 26.3(c)(3).

16.     Plaintiff objects to Definition 3 ("'Identify,' when used with reference to any entity other than a natural person") to the extent it seeks the address of the entity's "principal place of business."  In responding to the Interrogatories, Plaintiff will construe the term "'Identify,' when used with reference to any entity other than a natural person" as seeking, to the extent known: (a) the entity's full legal name; and (b) the address of its corporate headquarters.

17.     Plaintiff objects to Definition 4 ("Subject Matter of this Action") as overbroad, vague, and as seeking information that is not relevant to any party's claim or defense to the extent that through the phrase "includes, and is not limited to" it seeks the identification of individuals with knowledge about unidentified topics.  Plaintiff will construe the phrase "includes, and is not limited to" in this definition as "means."

18.     Plaintiff objects to the Instructions to the extent that they impose obligations not required by the Federal Rules, the Local Rules, and any applicable orders of this Court.

19.     Plaintiff objects to Instruction 5 as overly broad, unduly burdensome, not proportional to the needs of the case, and as seeking information that is irrelevant to the claims in this action, and that is outside the custody, possession, and control of WSFS.  Plaintiff will provide information from WSFS, and to the extent the Interrogatories seek information from the Ad Hoc Group, Plaintiff will facilitate the provision of information from GoldenTree Asset Management LP, Silver Point Capital, LP, and Sound Point Capital Management, LP (the "Directing Lenders").  The Directing Lenders hold a majority in principal amount of the 2026 Term Loan.  Members of the Ad Hoc Group aside from the Directing Lenders are not directing WSFS in this Action, may or may not hold the 2026 Term Loans, are constantly changing, and at any time include several dozen companies, and are unlikely to possess information relevant to this litigation.  Accordingly, the

5

burden of collecting information from parties other than WSFS and the Directing Lenders is disproportionate to any relevant discovery that could be obtained from those parties.

20.    Plaintiff objects to Instruction 9 to the extent it is inconsistent with or purports to impose requirements that exceed those set forth in Local Rule 26.3(c) or (d).

21.    Plaintiff objects to Instruction 10 to the extent it is inconsistent with, or imposes obligations in excess of, Local Rule 26.3(c)(6).

<u>SPECIFIC RESPONSES AND OBJECTIONS</u>

<u>INTERROGATORY NO. 1</u>:

Identify all Persons, aside from those individuals listed in Plaintiff's Rule 26 initial disclosures dated April 14, 2026, with knowledge or information relevant to the Subject Matter of this Action, including any Person with knowledge or information concerning the allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada or any of its subsidiaries, or any damages Plaintiff claims to have suffered.  For each Person so identified, indicate their respective area of knowledge.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

In addition to the General Objections, Plaintiff objects to this Interrogatory as vague, ambiguous, overbroad, and as seeking information that is not proportional to the needs of the case, including because it seeks the identification of "all Persons" with knowledge of the listed topics, without regard to their relationship to Plaintiff or the Directing Lenders, and without regard to the extent of their knowledge, or whether their knowledge constitutes anything other than publicly available information.  Defendants have detailed non-public information about the allegations in the Complaint, the Transaction, the LEO Business, the GEO Business, and the value and solvency of Telesat Canada, whereas Plaintiff's knowledge is primarily based on publicly-available information.  Plaintiff also objects that this Interrogatory seeks information already within Defendants' possession, custody, or control because it seeks the identification of any individuals associated with Defendants who have knowledge of the listed topics.  Plaintiff further objects that

6

this Interrogatory seeks information not within Plaintiff's possession, custody, or control because it seeks the identification of individuals and entities who are not associated with Plaintiff but who have knowledge of the listed topics.  Plaintiff further objects to this Interrogatory on the ground that it is premature insofar as it seeks the identification of individuals with knowledge of Plaintiff's damages, which will be the subject of expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff states that the following individuals, in addition to those listed in Plaintiff's Rule 26 amended initial disclosures dated May 18, 2026, have the most unique knowledge about the listed topics beyond that publicly available:

| Individual | Affiliation | Contact Information | Topics |
|---|---|---|---|
| Patrick Healy | WSFS, in its capacity as Administrative Agent | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint and the Credit Agreement |
| | JP Morgan Chase & Co., in its capacity as Administrative Agent | C/O Cahill Gordon & Reindel LLP Joel Moss and Daniel Anderson 32 Old Slip, New York New York 10005 (212) 701-3000 JMoss@cahill.com DAnderson@cahill.com | The Credit Agreement, and the Term Loan |
| Michael Shilling | Evercore Group LLC | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The Transaction, the Term Loan, the LEO Business, the GEO Business, and the value or solvency of Telesat Canada |
| Daniel Aronson | Evercore Group LLC | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 | The Transaction, the Term Loan, the LEO Business, the GEO Business, and the value or solvency of Telesat Canada |

7

| Individual | Affiliation | Contact Information | Topics |
|---|---|---|---|
| | | (212) 373-3000<br>wclareman@paulweiss.com | |
| Eugene Lee | Lincoln International LLC | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>William Clareman<br>1285 Avenue of the Americas, New York, New York 10019<br>(212) 373-3000<br>wclareman@paulweiss.com | The Transaction, the Term Loan, the LEO Business, the GEO Business, and the value or solvency of Telesat Canada |
| Zach Messenger | Lincoln International LLC | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>William Clareman<br>1285 Avenue of the Americas, New York, New York 10019<br>(212) 373-3000<br>wclareman@paulweiss.com | The Transaction, the Term Loan, the LEO Business, the GEO Business, and the value or solvency of Telesat Canada |
| Hudi Miller | GoldenTree Asset Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>William Clareman<br>1285 Avenue of the Americas, New York, New York 10019<br>(212) 373-3000<br>wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Patrick Dyson | GoldenTree Asset Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>William Clareman<br>1285 Avenue of the Americas, New York, New York 10019<br>(212) 373-3000<br>wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Andrew Kallman | Silver Point Capital L.P. | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>William Clareman<br>1285 Avenue of the Americas, New York, New York 10019<br>(212) 373-3000<br>wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Matthew Arons | Silver Point Capital L.P. | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>William Clareman<br>1285 Avenue of the Americas, New York, New York 10019<br>(212) 373-3000<br>wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |

| Individual | Affiliation | Contact Information | Topics |
|---|---|---|---|
| Anthony Pignataro | Silver Point Capital L.P. | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Matthew Ehmer | Silver Point Capital L.P. | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The Credit Agreement, the Term Loan, the LEO Business, the GEO Business, and the value or solvency of Telesat Canada |
| Gunther Stein | Sound Point Capital Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Brian McHugh | Sound Point Capital Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Garrick Stannard | Sound Point Capital Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Marc Sole | Sound Point Capital Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |

9

Additionally, Plaintiff states that the following individuals also have knowledge (but not unique knowledge) about the listed topics beyond that publicly available:

| Individual | Affiliation | Contact Information | Topics |
|---|---|---|---|
| Ted Lodge | GoldenTree Asset Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Samuel Wagreich | GoldenTree Asset Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| David Reganato | Silver Point Capital L.P. | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |
| Harris Sheikh | Sound Point Capital Management LP | C/O Paul, Weiss, Rifkind, Wharton & Garrison LLP William Clareman 1285 Avenue of the Americas, New York, New York 10019 (212) 373-3000 wclareman@paulweiss.com | The allegations in the Complaint, the Transaction, the Credit Agreement, the Term Loan, the LEO Business, the GEO Business, the value or solvency of Telesat Canada, and damages |

**INTERROGATORY NO. 2:**

Identify all Persons associated with each member of the Ad Hoc Group who participated in any decision concerning the Subject Matter of this Action, including but not limited to, the Ad Hoc Group's purpose, objectives, goals, strategy, and/or intended actions with respect to the Company, the Term Loan, the Transaction, the LEO Business, the GEO Business, and/or this Action. For each Person so identified, indicate their respective area of knowledge.

10

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, Plaintiff objects to this Interrogatory as vague, ambiguous, overbroad, and as seeking information that is not proportional to the needs of the case, including because it seeks the identification of "all Persons associated with each member of the Ad Hoc Group," instead of the Directing Lenders, and of those "who participated in any decision concerning" the listed topics without regard to the type or level of association that individual has had with regard to the listed topics. Plaintiff also objects to this Interrogatory as overbroad, vague, and as seeking information that is not relevant to any party's claim or defense to the extent that through the phrase "including but not limited to" it seeks the identification of "all Persons" who "participated in any decision concerning" unidentified topics. Plaintiff further objects to this Interrogatory to the extent that it calls for information about "the Ad Hoc Group's purpose, objectives, goals, strategy, and/or intended actions" on the basis that this is irrelevant, overbroad, and not proportional to the needs of the case. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is cumulative or duplicative of other discovery sought by Defendants, including Interrogatory 1.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff states that the individuals associated with Plaintiff and the Directing Lenders who were most involved, and who have knowledge, concerning the listed topics are those individuals who were identified by Plaintiff in its amended initial disclosures dated May 18, 2026 and those identified in Plaintiff's response to Interrogatory No. 1, except that, based on information and belief, JP Morgan Chase & Co. does not have information responsive to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify all advisors to Plaintiff and/or the Ad Hoc Group, including any counsel, financial advisor, public relations and/or communications advisor, expert, valuation expert, or other professional retained by or on behalf of the Ad Hoc Group, its counsel, or any member thereof, in

11

connection with matters relating to the Company, the Term Loan, the Credit Agreement, the Transaction, the LEO Business, the GEO Business, or this Action. For each advisor so identified, indicate their respective area of knowledge.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, Plaintiff objects to this Interrogatory as vague, ambiguous, overbroad, and as seeking information that is not proportional to the needs of the case, including because it seeks the identification of "all advisors to Plaintiff and/or the Ad Hoc Group," instead of Plaintiff and/or the Directing Lenders, "in connection with" a broad list of topics. Plaintiff also objects to this Interrogatory to the extent that it seeks information regarding experts who have been retained but who are not at this time expected to be called as a witness at trial, contrary to the provisions of Federal Rule 26(b)(4)(D). Plaintiff further objects to this Interrogatory as premature in that it seeks the identification of experts prior to the commencement of expert discovery, and prior to when required by Federal Rule 26(a)(2)(D). Plaintiff further objects to this Interrogatory as seeking information outside of the scope allowed by Local Rule 33.3 to the extent that it seeks the identification of any "public relations and/or communications advisor" because such advisors are not "witnesses with knowledge of information relevant to the subject matter of the action" and do not have unique knowledge relevant to the issues in this litigation. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is cumulative or duplicative of other discovery sought by Defendants, including Interrogatories 1 and 2.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff states that the financial advisors who have been retained by the Directing Lenders have been identified in Plaintiff's response to Interrogatory No. 1. Further, Plaintiff's counsel is Paul, Weiss, Wharton & Garrison LLP, located at 1285 Avenue of the Americas, New York, New York 10019, and available at (212) 373-3000, which is also counsel for the Directing Lenders. Similarly,

Plaintiff's Canadian counsel is Goodmans LLP, located at 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7, and available at +1 (416) 979-2211, which is also counsel for the Directing Lenders. In its capacity as administrative agent, Plaintiff is also advised by Pryor Cashman LLP, located at 7 Times Square, 40th Floor, New York, NY 10036, and available at (212) 421-4100.

**INTERROGATORY NO. 4:**

State in detail the computation of each and every category of damages that You claim to have suffered as a result of the Transaction and/or Defendants' alleged conduct, including: (a) the total amount of damages claimed; (b) the method, formula, or basis of calculation used to compute each category of damages; (c) each and every fact upon which such computation is based; (d) the identity of each Person with knowledge of facts relating to such computation, and (e) all actions that You have taken to mitigate any damages claimed by You, and the identity of each Person with knowledge of any such mitigation efforts. For each Person so identified, indicate their respective area of knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Plaintiff objects to this Interrogatory as seeking information outside of the scope allowed by Local Rule 33.3, including because it seeks "all actions [] taken to mitigate any damages." Plaintiff also objects to this Interrogatory as premature because the computation of its damages will primarily occur during expert discovery, which has not yet commenced. Plaintiff further objects to this Interrogatory as improperly seeking information that is subject to the attorney-client privilege and work-product doctrine and that is, thus, protected from discovery.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff states that the information it has regarding damages at this time is reflected in the Complaint, including that the Transaction removed all or substantially all assets from an already insolvent borrower, Telesat Canada, for no consideration, deepening its insolvency and diminishing an already inadequate asset base from which to repay the Term Loans, damaging all lenders. Telesat Canada has stated that it will be unable to repay the Term Loans and has not produced further

13

discovery to ascertain all other resulting impairment of the value realizable on the Term Loans due to the Transaction, nor has Plaintiff yet concluded an expert analysis of such impairment. Accordingly, Plaintiff anticipates, subject to a full reservation of rights, that it will seek to recover money damages equal to the impairment of the value realizable on the Term Loans and all other loss to Term Lenders caused by the Transaction, net of any amounts repaid on the Term Loans by Telesat Canada. The amount of those damages can be finally quantified after maturity of the Term Loans, at which time any amounts repaid by Telesat Canada, and any other monies recovered from the collateral, will be ascertainable, and can be credited against the total amounts payable to quantify damages. Based on the limited information currently available, and subject to further discovery, analysis, and expert testimony, Plaintiff presently anticipates that it is entitled to damages of up to approximately $1,440,000,000.00, the outstanding balance of the Term Loans, including, for the avoidance of doubt, both principal and interest, which Telesat Canada cannot repay. In addition to damages (and interest), Plaintiff is also entitled to attorneys' fees, as well as costs and expenses related to this litigation and enforcement proceedings, the amount of which is growing and will be quantified later in these proceedings.

Plaintiff's discussion of the foregoing computation of damages is not to the exclusion of any other metrics of damages that it may seek to pursue, and Plaintiff reserves all rights to pursue additional and/or alternative forms and amounts of damages. Should Plaintiff conclude in the course of further analysis and expert discovery that another measure of damages is appropriate, it reserves the right to amend and/or supplement this response.