UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON SAVINGS FUND SOCIETY, FSB, in its capacity as Administrative Agent,

Plaintiff,

-v-

TELESAT CANADA, et al.,

Defendants.

CIVIL ACTION NO. 26 Civ. 1346 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the telephone conference held on August 17, 2026 (the "Conference"), at which counsel for Plaintiff Wilmington Savings Fund Society, FSB, in its capacity as Administrative Agent ("Plaintiff") and counsel for Defendants Telesat Canada and Telesat LEO CanHold Corporation ("Defendants") appeared, the Court **ORDERS** the following:

1. By **August 19, 2026**, the parties shall order a copy of the Conference transcript by using the annexed form.
2. By **August 21, 2026**, Defendants' counsel shall file a letter setting forth:
    a. When Defendants expect to complete their review of documents that are potentially covered by the common interest privilege, and when Defendants expect to produce their privilege log to Plaintiff.
    b. Whether Defendants can produce any documents previously withheld as potentially privileged, but subsequently determined not to be privileged, on the same day that Defendants produce their privilege log.

c. Whether Defendants can substantially complete their review of the custodial documents from the eight Telesat employees by August 31, 2026.

3. With respect to Plaintiff's request regarding Mr. DiFrancesco's documents, (Dkt. No. 83 at 2–3), the parties shall meet and confer to agree on a maximum of three search strings and a narrower date range.

4. With respect to Defendants' request for discovery from the members of the Ad Hoc Group ("AHG") other than the three Directing Lenders, (Dkt. No. 83 at 4–5), the AHG consists of 38 Term Lenders whom Plaintiff's counsel represented in negotiations with Defendants, before this litigation, to refinance the Term Loan that is at the center of Plaintiff's claims. (Dkt. No. 1-1 at 4). Plaintiff has produced and is producing documents from the three Directing Lenders who hold over 50% of the debt under the Term Loan and are overseeing this action. Defendants ask Plaintiff to produce two types of documents from the 35 Term Lenders in the AHG whom Plaintiff's counsel also represented: (1) data concerning their investment in the Term Loan, dates of purchase(s) and sale(s), and pricing; and (2) materials regarding valuation of the LEO and GEO (Dkt. No. 1-1 ¶¶ 2, 72). (Dkt. No. 83 at 4–5). Defendants argue that the 35 Term Lenders are unique because they were represented by Plaintiff's counsel and will benefit from any recovery in this action. In support of their argument, Defendants rely on <u>JPMorgan Chase Bank v. Winnick</u>, 228 F.R.D. 505 (S.D.N.Y. 2005), in which the court held that a defendant was entitled to discovery from a group of lenders who had assigned to the plaintiff their claims to recover under a credit agreement. (Dkt. No. 83 at 4–5). Plaintiff responded at the Conference that the only

difference between the 35 Term Lenders and the hundreds or potentially thousands of other holders of the debt under the Term Loan is their representation by Plaintiff's counsel, which is not meaningful. Plaintiff also pointed out at the Conference that the Directing Lenders do not have an assignment from the 35 Term Lenders but are asserting their claims in this action in their own right as holders of more than 50% of the debt under the Term Loan.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In deciding whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "[T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Of course, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A district court has broad discretion to determine the scope of discovery." Roman Catholic Diocese of Rockville Ctr., N.Y. v.

Arrowood Indemn. Co., No. 20 Civ. 11011 (JLR), 2022 WL 17593312, at *4 (S.D.N.Y. Dec. 13, 2022) (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).

Considering all of the factors under Rule 26(b)(1), the Court finds that Defendants have not shown that the discovery from the 35 Term Lenders is relevant and proportional to the needs of this case. Defendants have received or shall receive discovery from the Directing Lenders, whose right and authority to bring the claims in this action Defendants do not challenge. While the 35 Term Lenders may, ultimately, benefit from any recovery in this action, Defendants have not shown that they have any unique or different information concerning the claims and defenses in this action that the Directing Lenders do not. Defendants' reliance on Winnick, in which, unlike here, the plaintiff relied on an assignment from the group of lenders to assert the claims, is misplaced. (See Dkt. No. 83 at 4–5). Finally, the burden of collecting financially sensitive purchase, sale, and pricing information from 35 financial institutions less than a month before the parties' substantial completion deadline of September 15, 2026 (Dkt. No. 43 at 1), is disproportionate to the contested issues in this action. Accordingly, Defendants' request to compel Plaintiff to produce information from the 35 Term Lenders is **DENIED**.

5. With respect to Defendants' request to add as custodians the individuals that Plaintiff's interrogatory responses identify as having the "most unique knowledge" relevant to the case, (Dkt. No. 83 at 5), the parties shall meet and confer to choose **two** of these individuals to add as custodians.

6. With respect to Defendants' request for Plaintiff to confirm its position on documents from nonparty JPMorgan, (Dkt. No. 83 at 5), Defendants may serve a subpoena on JPMorgan.

7. By **September 4, 2026 at 5:00 p.m. ET**, the parties shall file a joint letter of no longer than 1,750 words, along with any exhibits, updating the Court on the status of discovery and any issues ripe for the Court's attention.

8. Another telephone conference to discuss the status of discovery is scheduled for **September 10, 2026 at 11:00 a.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time.

Dated: New York, New York
August 17, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.
**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ___________________

| Case Caption | | |
|---|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
| | | |

**INDICATE SERVICE:**
(prices listed are per page)

| Daily $7.30 ○ | 3 Day $6.55 ○ | 7 Day $5.85 ○ | 14 Day $5.10 ○ | 30 Day $4.40 ○ |
|---|---|---|---|---|

| | |
|---|---|
| Your Name | |
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

RESET PRINT SAVE EMAIL