# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

Josh Greenblatt, P.C.
To Call Writer Directly:
+1 212 446 4869
josh.greenblatt@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

The Court thanks Defendants for their letter at Dkt. No. 88. (Dkt. No. 88 (the "Aug. 21 Letter)). The Court will discuss the Aug. 21 Letter at the upcoming telephone conference on **September 10, 2026 at 11:00 a.m. ET**. (See Dkt. No. 85).

The Court reminds the parties that by **September 4, 2026 at 5:00 p.m. ET**, they shall file a joint letter of no longer than 1,750 words, along with any exhibits, updating the Court on the status of discovery and any issues ripe for the Court's attention. (Dkt. No. 85).

SO ORDERED. August 24, 2026

SARAH L. CAVE
United States Magistrate Judge

August 21, 2026

**VIA CM/ECF**

Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl St., Room 1670
New York, NY 10007

Re: *Wilmington Savings Fund Society, FSB v. Telesat GEO Inc. (f/k/a Telesat Canada) et al.*, Case No. 1:26-cv-01346-VSB-SLC

Dear Judge Cave:

Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation (collectively "Defendants") submit this letter in accordance with the Court's August 17, 2026 Order (ECF 85 at ¶ 2). Defendants address each of the three items from the August 17 Order in turn below:

- **Production of Documents and Privilege Log Potentially Covered By Common Interest Privilege.** Defendants currently anticipate that their review and production of all documents potentially covered by the common interest privilege will be completed by September 15, 2026, with a privilege log detailing all the documents redacted or withheld on the basis of the common interest privilege produced by September 22, 2026 (a week after production). The estimates provided herein are based upon the current size of Defendants' review populations, corresponding review rates, and the understanding that documents potentially covered by the common interest privilege span across all the various groups of custodians (from the 16 agreed-upon custodians). To the extent that additional time becomes necessary, Defendants will promptly notify Plaintiff and the Court.

  Moreover, as noted during the August 17 telephone conference, this issue also implicates a forthcoming production and privilege log from non-party Kobre & Kim LLP, counsel to the Special Committee, who received a subpoena *duces tecum* from Plaintiff. In an effort to ensure that the complete set of documents relevant to this issue can be universally addressed by the Court, Defendants understand that Kobre & Kim anticipates completing its review and

KIRKLAND & ELLIS LLP



production of documents responsive to Plaintiff's subpoena and any privilege log consistent with the estimated deadlines above.

Defendants are mindful of the Court's guidance from the July 27 telephone conference regarding timing for raising privilege issues and confirm that they are working diligently to complete the review and production of documents and corresponding privilege logs potentially covered by the common interest privilege and will continue to produce those materials on a rolling basis, consistent with their practice to date.

- **Timing for Production of Roll-Off Documents and Service of Privilege Logs.** Defendants confirm that when they serve each of their rolling metadata privilege logs, they will simultaneously produce any documents that have completed the review process and were downgraded to not privileged in association with the creation of the privilege log.

  With respect to the point raised by the Court at the August 17 telephone conference regarding how to best identify and group documents that relate to each other, Defendants note that because of the manner in which they are producing documents in this case (*i.e.*, on a rolling basis), the best way to do this is by reference to the Bates prefix and the corresponding privilege log that will relate to each Bates prefix. By way of example, Defendants anticipate producing documents from the 8 Telesat employee custodians across five different productions. The documents collected and produced from the 8 Telesat employee custodians will all have a "TELESAT" Bates prefix and will be logged on a corresponding Telesat privilege log. Defendants have and will utilize this same methodology with respect to other groups of custodians—*e.g.*, a "PJT" Bates prefix will be branded on the documents produced from Messrs. Zelin and Schlappig and any privileged documents will be logged on a specific PJT privilege log. Aside from producing documents by custodian group, Defendants are not utilizing any other organizational methodology (*e.g.*, search term, date range, issue) to determine whether documents are included in a particular production. Rather, the only "metric" that Defendants are using to determine production eligibility is whether the document has completed review and QC processes.

  Accordingly, Defendants have set up their review such that they are producing documents on an approximately bi-weekly rolling basis, with service of a rolling metadata privilege log seven days later that details (as of the date of service of the logs), (i) all documents previously produced that have been redacted for privilege; (ii) all documents previously produced with privileged slip sheets; and (iii) all documents that have completed the review process and are being withheld on the basis of privilege. Moreover, as noted above, Defendants have agreed to simultaneously produce (along with service of the privilege log) any documents that have completed the review process and were downgraded to not privileged in association with the creation of the privilege log.

- **Production of Documents from the 8 Telesat Employee Custodians.** Defendants currently anticipate that as of August 31, 2026, they will be approximately 50-75% complete with the

production of responsive documents for the 8 Telesat employees. Defendants plan to make additional productions for the 8 Telesat employees on or about September 11 and September 15, resulting in Defendants being fully complete with the 8 Telesat employees' productions by the September 15 substantial completion deadline.

***

To the extent the Court has any questions or wishes to discuss these items further before the next telephone conference on September 10, Defendants are available.

Respectfully submitted,

*/s/ Josh Greenblatt*

Josh Greenblatt, P.C.

cc: All counsel of record