# EXHIBIT 10

**From:** Sheehan, Kaitlin P.
**To:** Clareman, William; Sager, William; *ppaterson@paulweiss.com; Keller, Andrea M; Siegel, Max
**Cc:** Greenblatt, Josh; Goldfine, Jeffrey Ross; Yeager, Eric; Smith, Palmer; Martin, Shelby; Tsap, Kvitlana
**Subject:** WSFS v. Telesat: Plaintiff"s Privilege and Redaction Logs
**Date:** Tuesday, September 29, 2026 9:26:53 PM

Counsel:

We write regarding deficiencies identified across several of the privilege logs Plaintiff served in connection with the above-captioned matter. Defendants' concerns are organized by log below.

**20260922 - Evercore's Privilege Log**

The privilege logs for the Evercore documents are problematic and indicative of an inadequate review process. The below-listed documents and deficiency categories are illustrative, not exhaustive.

- **Documents from Adverse Parties**
  - **Entry No. 898**: Email Attachment titled "2024.08.07 J. Greenblatt letter to B. Hermann.pdf." No lawyer with even a basic understanding of attorney-client privilege could reasonably think that a communication from an adversary was protected by privilege.
- **Entries Claiming Attorney-Client Privilege Without Identifiable Attorney Participation**
  - **Entry Nos. 6, 7, 8, 41, 52, 67, 72, 73, 75, 95, 120, 132, 137, 143, 154, 155, 170, 173, 227, 383, 402, 425, 426, 479, 488, 490, 497, 524, 598, 599, 742, 762, 846, 852, 870, 898, 908, 909, 911, 933, 934, 935, 936, 948, 949, 958, 964, 967, 972, 974, 975, 978, 993, 1037, 1039, 1042, 1063, 1112, 1128, 1187, 1219, 1245, 1300, 1314, 1315, 1333, 1341, 1359, 1368, 1439, 1462, 1463, 1466, 1486, 1487, 1494, 1520, 1523, 1558, 1570, 1573, 1603, 1607, 1635, 1637, 1641, 1647, 1648, 1650, 1653, 1654, 1655, 1657, 1660, 1661, 1662, 1663, 1664, 1670, 1686, 1688, 1689, 1715, 1725, 1735, 1736, 1737, 1749, 1823, 1856, 1918, 1930, 1944, 1987, 2035, 2085, 2092, 2094, 2124, 2126, 2127, 2140, 2141, 2182.** These documents and communications were withheld on the basis of attorney-client privilege (and, in some instances, also the work product doctrine) with no identified attorney present. For example, Entry No. 52, titled "Telesat Proposed AHG Holders_v08.pptx," was authored by Aadil Khan. Defendants do not know who Aadil Khan is but understand that this individual is not an attorney. By way of further example, Entry No. 967 is an email titled, "FW: [EXTERNAL] Telesat - Lightspeed Project Financing," involving only Evercore personnel. These entries must either be supplemented with descriptions sufficient to satisfy Rule 26(b)(5)(A), produced in their

entirety, or produced with redactions limited to genuinely privileged material.

- **Non-Legal Subject Matter**

  Many entries reflect materials concerning public relations, government relations, financial, business, or otherwise non-legal subject matter.

  - *Documents Indicative of PR, Lobbying, or Political Strategy.* **Entry Nos. 40, 156, 158, 170, 173, 179, 401, 402, 571, 797, 1050, 1070, 1078, 1458, 1478, 1489, 1879, 1882, 1883, 1963, 1998, 2000, 2001, 2009, 2012, 2013, 2060, 2063, 2107, 2145.** The metadata for these documents and communications suggests that they concern public relations, political strategy, or government relations rather than legal advice. For example, Entry No. 40 is an email titled, "[EXTERNAL] RE: Telesat - Lobbyist Reach Outs," suggesting that it concerns—quite literally—political lobbyist engagement and not legal advice. Further, Entry No. 156 is an email titled, "[EXTERNAL] Re: Telesat -- Communications Firms / Government relations advisors," again indicating that the content is representative of non-privileged strategic communications and government relations information.

  - *Calendar / Administrative Record.* **Entry Nos. 886, 1208, 1228, 1230, 1501, 1846, 1916.** These entries are each identified as a "Calendar Entry," suggesting that the document itself neither contains nor was made for the purpose of obtaining legal advice.

  - *Financial / Business Materials.* **Entry Nos. 336, 1662, 1667, 1693, 1694.** For example, Entry No. 336 is a Spreadsheet titled, "Project Falcon_Model_5.29.2024_DRAFT.xlsx." It is difficult to understand how what appears to be a financial model is subject to the attorney-client privilege. Likewise, Entry No. 1693 is a document titled, "Lightspeed - Revenue Methodology - 10.15.25_vShare.pdf." Again, it is unclear how a revenue methodology authored by an individual who does not appear to be an attorney is appropriately subject to the attorney-client privilege and attorney work product protection.

- **Ambiguous Subject Lines or File Names**

  Several entries include subject lines or file names that are completely ambiguous. This makes it impossible to perform any meaningful analysis of the merits of a privilege determination.

  - **Entry Nos. 227, 852, 1063, 1186, 1189, 1231, 1232, 1825, 1954.** For example, Entry No. 852 is titled, "message_v2.rpmsg" with no author and no recipients. Likewise, Entry

No. 1063 is titled, "20240926.pdf" with no author and no recipients.

- **Engagement Letters / Fee Materials**

  Many entries concern engagement letters, fee proposals, pricing, and invoices, most of which appear to relate exclusively to financial and/or administrative matters. There is no basis on which such materials may be privileged.

  - **Entry Nos. 72, 73, 74, 75, 76, 77, 78, 84, 85, 86, 87, 88, 89, 90, 91, 92, 95, 96, 97, 104, 105, 106, 107, 112, 113, 119, 120, 121, 122, 144, 145, 747, 748, 759, 760, 1420, 1421, 1422, 1430, 1431, 1891.** For example, Entry No. 95 is titled, "Telesat - Evercore Engagement Letter." There is no indication that this document was made for the purpose of seeking or providing legal advice.

- **Common Interest Privilege**

  - **Entry Nos. 535, 1649, 1651, 1792, 1877, 1878, 1961.** These entries claim common interest privilege, but the privilege log provides no identification of the parties to any common-interest arrangement or the common legal interest shared.

- **Inconsistent Treatment**

  In several instances, what looks to be the same document appears on both the privilege and redaction log. It is unclear how redactions are appropriate in one instance but withholding the substantively same document is justifiable in others. Defendants would appreciate clarity on this point.

  - Compare **RL #74** ("RE: [EXTERNAL] RE: Telesat Script" from Michael Schilling) and **PL #143** ("FW: [EXTERNAL] RE: Telesat Script" from Michael Schilling)
  - Compare **RL #792** ("2024.09.27 Telesat Government Financing Summary_vDraft.pdf") and **PL #1050** ("2024.09.25 Telesat Government Financing Summary_vDraft.pdf")

**20260922 - Evercore's Redaction Log**

-

- **Emails Claiming Attorney-Client Privilege Without Identifiable Attorney Participation**.
  There are entries representing email communications among Evercore personnel with no attorney identifiable as a sender, recipient, or copy recipient. For example:

  -

  - **Entry No. 53 (EVR-00021423)** is an involved email thread, the topmost email of which is redacted in its entirety despite being from Justin Singh of Evercore to other Evercore personnel.

**20260922 - Directing Lenders' Privilege Log**

- **Entries Claiming Attorney-Client Privilege Without Identifiable Attorney Participation**

  - **Entry Nos. 1614, 1618, 1622, 1626, 1630, 1634, 1638, 1656, 1717, 1810, 1893, 1895, 1896, 1897, 1899, 1900, 1901, 1916, 2011, 2056, 2247, 2274, 2428, 2456, 2457, 2468, 2504, 2545, 2616, 2617, 2625, 2629, 2630, 2631, 2634, 2635, 2636, 2654, 2656, 2657, 2658, 2659, 2660, 2661, 2663, 2668, 2670, 2672, 2673, 2675, 2676, 2679, 2680, 2681, 2700, 2706, 2707, 2721, 2727, 2728, 2729, 2730, 2731, 2732, 2733, 2736, 2737, 2757, 2762, 2763, 2764, 2765, 2766, 2769, 2817, 2830, 2846, 2847, 2848, 2878, 2880, 2883, 2888, 2891, 2904, 2910, 2911, 2912, 2929, 2931, 2932, 2933, 2934, 2944, 2946, 2947, 2948, 2949, 2951, 2952, 2956, 2965, 2970, 2976, 2977, 2978, 2979, 2981, 2982, 2983, 2984, 3002, 3003, 3005, 3019, 3024, 3025, 3034, 3035, 3037, 3051, 3053, 3055, 3073, 3074, 3096, 3121, 3136, 3137, 3148, 3163, 3165, 3167, 3169, 3171, 3173, 3180, 3182, 3192, 3193, 3194, 3195, 3207, 3231, 3232, 3233, 3234, 3235, 3236, 3237, 3278, 3285, 3288, 3291, 3294, 3297, 3300, 3301, 3303, 3304, 3306, 3412, 3415, 3416, 3417, 3532, 3540, 3541, 3569, 3587, 3588, 3589, 3590, 3591, 3592, 3593, 3595, 3604, 3621, 3623, 3625, 3628, 3629, 3630, 3631, 3633, 3652, 3657, 3662, 3667, 3672, 3677, 3749, 3753, 3759, 3783, 3855, 3894, 3910, 3913, 3914, 3915, 3917, 3920, 3930, 3936, 3942, 3945, 3959, 3961, 3962, 3964, 3967, 3968, 3983, 4170, 4174, 4175, 4405, 4504, 4525, 4580, 4686, 4688, 4690, 4692, 4694, 4696, 4698, 4701, 4703, 4705, 4707, 4709, 4711, 4713, 4742, 4747, 4750, 4753, 4756, 4759, 4762, 4792, 4793, 4806, 4903, 4966, 4974, 4996, 4997, 5026.** Yet again, this production contains numerous documents and communications that do not include legal counsel, thereby calling into question any claim of privilege. For example, Entry No. 4759 is a document titled, "Comparison.pdf." This document has no author and no recipient information, yet Plaintiff has claimed attorney-client privilege and attorney work product protections over this document.

- **Potential Third-Party Involvement and Waiver**

  - *Gagnier Communications*. **Entry Nos. 2137, 2139, 2141, 2143, 2145, 2147, 2156, 2159, 2162, 2165, 2168, 2171, 2174, 2217, 2218, 2219, 2222, 2225, 2228, 2231, 2234, 2237, 2240, 2243, 2246, 2248, 2251, 2254, 2259, 2262, 2265, 2275, 2278, 2281, 2284, 2287, 2290, 2311, 2314, 2317, 2320, 2323, 2326, 2329, 2337, 2338, 2339, 2340, 2363, 2364, 2365, 2366, 2369, 2370, 2371, 2373, 2374, 2375, 2376, 2380, 2381, 2382, 2383, 2384, 2385, 2386, 2387, 2389, 2390, 2391, 2393, 2394, 2395, 2396, 2397, 2398, 2399, 2444, 2447, 2448, 2449, 2450, 2451, 2452, 2455, 2458, 2488, 2489, 2490, 2491, 2492, 2493, 2494, 2499, 2500, 2523, 4336, 4338, 4340, 4342, 4344, 4346, 4348, 4356, 4357, 4358,**

**4359, 4360, 4361, 4362, 4363, 4364, 4365, 4366, 4367, 4368, 4369, 4370, 4371, 4372, 4373, 4374, 4375, 4376, 4377, 4380, 4383, 4386, 4389, 4392, 4395, 4398, 4399, 4400, 4401, 4402, 4403, 4404, 4417, 4420, 4423, 4426, 4429, 4432, 4435, 4473, 4474, 4475, 4476, 4477, 4478, 4479, 4481, 4482, 4483, 4484, 4485, 4486, 4487, 4489, 4490, 4491, 4492, 4493, 4494, 4495, 4496, 4497, 4498, 4499, 4500, 4501, 4503, 4505, 4506, 4507, 4508, 4509, 4510, 4511, 4512, 4513, 4514, 4515, 4516, 4517, 4518, 4519, 4520, 4521, 4522, 4523, 4524, 4526, 4527, 4528, 4529, 4530, 4531, 4532, 4533, 4534, 4535, 4536, 4537, 4538, 4539, 4561, 4562, 4563, 4564, 4565, 4566, 4567, 4568, 4569, 4570, 4571, 4572, 4573, 4574, 4575, 4585, 4586, 4587, 4588, 4589, 4590, 4591, 4592, 4593, 4594, 4595, 4596, 4597, 4598, 4623, 4626, 4629, 4632, 4635, 4638, 4641, 4645, 4646, 4647, 4648, 4649, 4650, 4651, 4652, 4653, 4654, 4655, 4656, 4657, 4658, 4664, 4667, 4670, 4673, 4676, 4679, 4682, 4685, 4687, 4689, 4691, 4693, 4695, 4697, 4700, 4702, 4704, 4706, 4708, 4710, 4712, 4714, 4715, 4716, 4717, 4718, 4719, 4720, 4721, 4724, 4727, 4730, 4733, 4736, 4739, 4801, 4802, 4807, 4808, 4809, 4810, 4811, 4812, 4813, 4814, 4817, 4820, 4823, 4826, 4829, 4832, 4850, 4853, 4856, 4859, 4862, 4865, 4868, 4871, 4874, 4877, 4880, 4883, 4886, 4887, 4888, 4889, 4890, 4891, 4892, 4893, 4894, 4895, 4896, 4897, 4898, 4899, 4900, 4901, 4937, 4938, 4939, 4940, 4941, 4942, 4943, 4944, 4945, 4946, 4947, 4948, 4949, 4950, 4958, 4959, 4960, 4961, 4962, 4963, 4964, 4967, 4968, 4969, 4970, 4971, 4972, 4973, 4975, 4976, 4977, 4978, 4979, 4980, 4981, 4982, 4983, 4984, 4985, 4986, 4987, 4988, 4989, 4990, 4991, 4992, 4993, 4994, 4995, 5022, 5023, 5029, 5030, 5031, 5032, 5033, 5034, 5035, 5036, 5037, 5038, 5039, 5040, 5041, 5042, 5043, 5044, 5045, 5046, 5047, 5048, 5049.** Again, these documents and communications include recipients at @gagnierfc.com. This raises questions about whether these documents are indeed subject to the attorney-client privilege or whether there has been waiver.

- *Third-Party Law Firms.* **Entry Nos. 1383, 1384, 1406, 1422, 1425, 1426, 1429, 1431, 1437, 1439, 1445, 1447, 1453, 1455, 1461, 1463, 1469, 1471, 1477, 1479, 1487, 1489, 1495, 1497, 1503, 1505, 1511, 1513, 1519, 1521, 1527, 1529, 1577, 1578, 1579, 1587, 1589, 1641, 1655, 1827, 1891, 1982, 2008, 2009, 2012, 2013, 2014, 2015, 2055, 2114, 2116, 2128, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2295, 2296, 2332, 2367, 2368, 2377, 2378, 2379, 2388, 2392, 2506, 2524, 2525, 2526, 2527, 2528, 2529, 2530, 2531, 2532, 2544, 2546, 2547, 2548, 2551, 2553, 2554, 2555, 2556, 2557, 2559, 2561, 2562, 2563, 2564, 2629, 2630, 2631, 2632, 2633, 2639, 2640, 2642, 2644, 2645, 2662, 2667, 2668, 2669, 2670, 2671, 2673, 2674, 2676, 2677, 2678, 2679, 2681, 2684, 2685, 2687, 2688, 2689, 2690, 2691, 2694, 2695, 2696, 2698, 2699, 2724, 2726, 2742, 2748, 2749, 2750, 2752, 2753, 2754, 2755, 2756, 2759, 2770, 2774, 2775, 2776, 2807, 2808, 2809, 2810, 2811, 2812, 2813, 2814, 2815, 2816, 2817, 2832, 2837, 2838, 2839, 2840, 2841,**

**2842, 2843, 2844, 2886, 2903, 2905, 2906, 2907, 2908, 2909, 2920, 3097, 3128, 3129, 3130, 3131, 3132, 3133, 3134, 3135, 3138, 3139, 3140, 3143, 3144, 3145, 3146, 3196, 3197, 3198, 3199, 3200, 3201, 3202, 3203, 3204, 3222, 3223, 3284, 3287, 3290, 3293, 3296, 3299, 3302, 3471, 3472, 3483, 3485, 3491, 3493, 3499, 3501, 3507, 3509, 3515, 3517, 3523, 3525, 3534, 3536, 3651, 3656, 3661, 3666, 3671, 3676.**

- *Cassels*. **Entry No. 2639.** This is a communication titled "Telesat" that was sent by Anthony Pignataro at Silver Point to rjacobs@cassels.com. Who does Cassels represent in this matter?
- *Cahill Gordon*. **Entry No. 1429.** This is a document titled "Redline - Telesat - Agency Resignation and Appointment Agreement [Cumulative v. PW Comments 12.3.2025 (Version Shared with Cahill)].pdf" with no author and no recipient. Defendants struggle to understand how a document shared with Cahill, an apparent third-party law firm, is protected by the attorney-client privilege and work product protection. Who does Cahill represent in this matter?
- *Pryor Cashman*. **Entry No. 1383.** This is a communication between Matthew Silverman at Pryor Cashman and WSFS personnel. Who does Pryor Cashman represent?
- *Akin*. **Entry No. 2524.** This is a communication from Jiha Ko at Akin to numerous individuals, including personnel from each of Akin, Blackstone, Evercore, GoldenTree, and Pimco, titled "RE: Newfold - Superpriority Credit Agreement." It is unclear to Defendants how a communication sent by an Akin attorney to recipients at five different institutions is subject to the attorney-client privilege and attorney work product protection. Please explain.
- *Barnes & Thornburg*. **Entry No. 2668.** This is a communication from Justin Knapp at Silver Point to Barnes & Thornburg attorneys. Who does Barnes & Thornburg represent?
- *Lawson Lundell*. **Entry No. 2629.** This is a communication from Ryan Hayashida at Silver Point to Gillian Muirhead at Lawson Lundell. Who does Lawson Lundell represent?
- *Gibson Dunn*. **Entry No. 2506.** This is a communication from Stephen Silverman at Gibson Dunn to Alec Chapman, also at Gibson Dunn. Who does Gibson Dunn represent?

- **Non-Legal Subject Matter: Documents Indicative of PR, Lobbying, or Political Strategy**

  - **Entry Nos. 31, 154, 156, 315, 316, 317, 318, 321, 322, 323, 324, 325, 326, 327, 489, 3900, 3901, 3906, 3907, 3908, 3953, 3954, 4498, 2281, 2287, 4835, 4836, 4837.** For

example, Entry No. 154 is titled "Telesat Govt Relations Narrative 5.14.2026 v2 pc.docx" and was authored by Riyaz Lalani, a Gagnier employee. Similarly, Entry No. 4498 is titled "Re: Telesat - Updates - PR Matters / Timing" and was authored by Dan Gagnier, another Gagnier employee. It is not clear to Defendants how documents bearing titles expressly related to public and government relations considerations are appropriately privileged.

- **Documents from Adverse Parties**
    - **Entry No. 429.** This is a communication from Sarah Linney at GoldenTree to Marc Wasserman at Osler, counsel to Defendants. How can a communication with Defendants' counsel be subject to the attorney-client privilege? No lawyer with even a basic understanding of attorney-client privilege could reasonably think that a communication with an adversary was protected by privilege.

- **Ambiguous Subject Lines or File Names**
    - **Entry Nos. 118, 119, 512, 3073.** For example, Entry No. 118 is titled, "Redline.pdf" with no author and no recipients, Entry No. 512 is titled "Telesat" with no attorney participation, and Entry No. 3073 is titled "PCHAT-0x10000029CE1DB [PCHAT-0x10000029CE1DB@unknown]" with no attorney participation.

- **Engagement Letters / Fee Materials**
    - **Entry Nos. 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1131, 1132, 1133, 1134, 1135, 1136, 1137, 1138, 1139, 1140, 1141, 1142, 1143, 1894, 1895, 1896, 1897, 1898, 2743, 2744, 2745, 2746, 3136, 3206, 3226, 3256, 3257, 3258, 3259, 4019, 4020, 4021, 4022, 4023, 4024, 4025, 4026, 4027, 4028, 4029, 4030, 4031, 4032, 4033, 4034, 4035, 4036, 4037, 4038, 4039, 4040, 4041, 4042, 4043, 4044, 4045, 4046, 4047, 4171, 4172, 4173, 3130, 3131, 3132, 3133, 3134, 3135, 3136, 3137, 3138, 3139, 3140, 3141, 3142, 3143, 3144, 3145, 1483, 2017, 2018, 2025, 2026, 2029, 2030, 2033, 2034, 2037, 2038, 2041, 2042, 2124, 2593, 2665, 2671, 3136, 3867, 3868, 3985, 3986, 3994, 3997, 3998, 4012, 4013, 4014, 4015, 4016, 4017, 4018, 4020, 4021, 4023, 4024, 4027, 4029, 4030, 4032, 4033, 4081, 4133, 4134, 4137, 4138, 4141, 4142, 4145, 4146, 4149, 4150, 4153, 4154, 4157, 4158, 4161, 4162, 3260.** For example, Entry No. 1895 is titled "Letter enclosing Stm of Account - Sept Time - 22 Dec 2025.pdf" with no author and no recipients, and Entry No. 3136 is titled "Les Services Novaspace Canada Inc. - Engagement Agreement - Telesat - 2025.07.30 (No. 22835)NS.docx" with no author and no recipients.

- **Calendar / Administrative Record**

  - **Entry Nos. 2212, 2213, 2214, 2215, 2216, 2854, 2905, 2920, 3195, 3234, 3235, 3236, 3237, 3239, 3254.** These entries each appear to concern either meeting logistics or ordinary course administrative updates, suggesting that the documents themselves can, at the very least, be redacted rather than withheld. For example, Entry Nos. 2212-2216 are each titled, "RE: Zoom | Telesat," Entry Nos. 2854, 2905, and 2920 are titled "Re: Telesat Call Saturday AM?," Entry No. 3235 is titled "loan_daily_update.pdf," and Entry No. 3239 is titled "Accepted: Telesat - Advisors / Steerco."

**20260922 - Directing Lenders' Redaction Log**

-

- **Emails Claiming Attorney-Client Privilege Without Identifiable Attorney Participation**. There are entries representing email communications among Silver Point personnel with no attorney identifiable as a sender, recipient, or copy recipient. For example:

  -

  - **Entry No. 1418 (DIR-LEND-00465004)** is an email thread among Silver Point personnel. The communication dated June 4 at 9:42 AM contains large, block redactions despite no indication that the information being withheld is appropriately subject to the attorney-client privilege.

**2026.09.22 Lincoln International's Privilege Log (143734973.1)**

- **Entries Claiming Attorney-Client Privilege Without Identifiable Attorney Participation**

  - **Entry Nos. 79, 195, 197, 658, 759, 854, 1067, 1198, 1230, 1348, 1350, 1978, 2027, 2035, 2040, 2045, 2147, 2206, 2246, 2311**. For example, Entry No. 2311 titled "Project Falcon - Discussion Materials (9.12.2025).pptx" was authored by Aadil Khan (a non-attorney) with no attorney participation. Similarly, Entry Nos. 195 and 197 titled "[ext] RE: Telesat - Agency Lender Question (Ares Mgmt)" were sent by J.P. Morgan employees to personnel at Ares Management—again, with no attorney participation.

- **Non-Legal Subject Matter**

  - *Documents Indicative of PR, Lobbying, or Political Strategy.* **Entry Nos. 31, 270, 895, 1348, 1746, 2340**. For example, both Entry Nos. 31 and 1746—titled "Re: Telesat -- Communications Firms / Government relations advisors" and "Telesat - Updates - PR Matters / Timing," respectively—are indicative of public relations strategy, not legal advice. Further, Entry No. 895 titled "More questions from the Conservatives re:

Telesat," authored by Philip Cartwright of Global Public Affairs, similarly reflects government relations rather than legal advice.

- *Financial / Business Materials.* **Entry Nos. 851, 856, 1328, 1350, 1537, 1540, 2013, 2025, 2049, 2053, 2054, 2147, 2206, 2246, 2252, 2256, 2284, 2295**. For example, Entry No. 1540 titled "Telesat_Historical Equity and Debt Price Summary_1.19.26_vF.xlsx" suggests a business- or financial-related document with no clear legal purpose and no identifiable attorney participation. By way of further example, Entry No. 2295 is titled "Telesat_Q3 2025_Earnings Materials_v5.pptx"; Entry No. 2147 is titled "Project Falcon - Liquidity Test (10.1.2025) v1.pptx"; and Entry No. 856 is titled "RE: [EXTERNAL] Telesat - Lightspeed Project Financing." Please explain how documents such as these that appear to substantively concern business and financial planning and analysis are privileged.

- *Potentially Publicly Available Materials.* **Entry Nos. 194, 1047, 1932**. For example, Entry No. 194 is titled "Telesat Corporation Form 20-F filed on Mar-28-2024.pdf" and Entry No. 1932 is titled "Telesat April 2025 Notice of Shareholders Annual General Meeting.pdf." The metadata for these documents suggests that they are publicly available and, as such, not privileged. From Defendants' perspective, it appears that Plaintiff has withheld full families where only one family member is appropriately privileged. Please advise.

- *Ambiguous File Names.* **Entry Nos. 73, 105, 219, 438, 633, 683, 818, 912, 1116, 1530, 1534, 1885, 2012, 2282**. Entry No. 818 is titled "20240826.pdf" and Entry No. 105 is titled "Doc May 12, 2024, 7.26.pdf"—both of which are completely ambiguous, making it impossible to assess the appropriateness of Plaintiff's privilege designations.

- *Calendar / Administrative Record*. **Entry Nos. 737, 738, 739, 740, 745, 746**. Entry Nos. 737-740, each titled "Telesat - SteerCo Update Call," are identified as calendar entries, making their privileged content unclear. Likewise, Entry Nos. 745 and 746 are identified as calendar appointments, likewise obscuring their privileged content.

-

**2026.09.22 - Lincoln International's Redaction Log (143734921.1)**

- **Entry No. 929 (LINCOLN-00025039)** is a presentation deck titled "Public & Media Relations and Government Relations Near-Term Considerations." Slides bearing the heading "Public and Media Relations" have been redacted, but the remaining non-redacted content does not appear to be legal in nature; the general focus of the presentation appears to concern various articles, press releases, and an op-ed.

- **Entry No. 1113 (LINCOLN-00028051)** is an email thread among Lincoln International and Evercore personnel titled "FW: [EXTERNAL] Telesat - Q3'25 Earnings." The communication dated November 6 at 8:06 PM from Zoe Zheng of Evercore to Lincoln International and Evercore personnel contains a large, block redaction despite no indication that the information being withheld is privileged. Moreover, there is no attorney participation, and the email appears to concern non-privileged Q3 earnings.

As noted at the outset, all examples provided above are illustrative, and we expect Plaintiff to remedy any improper assertions of privilege as to their entire production. Defendants reserve all rights.

Thanks,
Kaitlin

**Kaitlin P. Sheehan**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3417 **M** +1 646 265 0660
**F** +1 212 446 4900

kaitlin.sheehan@kirkland.com