# EXHIBIT 11

**From:** Sheehan, Kaitlin P.
**To:** Keller, Andrea M; Yeager, Eric; Goldfine, Jeffrey Ross; Greenblatt, Josh; Smith, Palmer; Martin, Shelby; Sheptin, Zachary
**Cc:** *ppaterson@paulweiss.com; Clareman, William; Siegel, Max; Zehner, Ryan
**Subject:** RE: WSFS v. Telesat // PJT Production
**Date:** Monday, September 28, 2026 3:43:01 PM
**Attachments:** image001.png
image002.png

---

Andrea,

Defendants respond to the two items raised in your email in turn below:

**With respect to PJT and the time period for its productions**, Plaintiff offers a tortured reading of the parties' correspondence on this issue in an effort to absolve itself of making an agreement that it presumably would like to now renegotiate. But the record is clear—(i) Defendants repeatedly disclosed the date range they were using for PJT's custodians; (ii) Plaintiff never once pushed back on the date range or asked any questions about it (in contrast to Plaintiff asking questions about date ranges used for other custodians); and (iii) on August 11, the parties reached agreement on the search protocol that Defendants used for PJT's custodians.

To the extent Plaintiff intends to contend otherwise (it cannot reasonably do so) Defendants provide the following summary, that details every single email relevant to the parties' back and forth on the search protocol for PJT's custodians:

- ***On Friday, July 17 at 5:05 pm ET***, Defendants sent Plaintiff an email that contained a hit report for the two PJT custodians. The email disclosed the date range Defendants were using for PJT's custodians. Specifically, the email said: "[t]he report provides the hits for Plaintiff's May 1 proposed search terms as run across Messrs. Zelin and Schlappig Global Relay data for the period **May 1, 2023 to September 12, 2025**." Defendants went on to note that they were still reviewing the hit report and would be back in touch to discuss any proposed edits/modifications following review of the hit report.

- ***On Monday, July 20 at 10:59 pm ET***, Plaintiff responded to Defendants' July 17 email. In that email, Plaintiff asked Defendants to confirm whether any "Telesat" limiter was applied to the PJT document collection and that based upon its review of the hit report, the "numbers of hits for PJT seems eminently reasonable." Notably, Plaintiff did not push back or mention anything about the date range used for the search, which contrasts with other emails/custodians (*e.g.*, Stout and the Special Committee) where Plaintiff did push back on Defendants' proposed date range. *See e.g.*, M. Siegel Jul. 13 Email at 10:03 am ET (asking questions about the proposed start and end date of the Stout searches); A. Keller Aug. 20 Email at 1:28 pm ET (pushing back on Defendants' proposed start date of Dec. 1, 2024 for the Special Committee searches).

- ***On Monday, July 27 at 6:36 am ET***, Defendants responded to Plaintiff's July 20 email, confirming that they were not using a "Telesat" limiter for the PJT searches and that Defendants were amenable to running Plaintiff's May 1 proposed search strings with the exception of one search string that included the generic term "Russell" and proposed an alternative string. Defendants again, in two places, disclosed the date range and asked Plaintiff to confirm agreement:

> 1. **PJT Searches.** Confirming that the PJT searches are not limited by the term "Telesat." With respect to Plaintiff's May 1 proposed search terms, Defendants provided the hit report for the PJT custodians on July 17. We've reviewed the hits returned by Plaintiff's May 1 proposed hit report, and can confirm that Defendants are generally amenable to running (and reviewing for responsiveness and privilege) Plaintiff's May 1 proposed search terms across the PJT custodians' Global Relay collection for the time period of May 1, 2023 to September 12, 2025, ***with the exception of the following proposed string:***
>
> | Term |
> |---|
> | (Begeman OR Russell OR Keglevic) AND (board OR BOD OR director* OR appoint* OR select* OR search* OR choos* OR chose OR replac* OR spin* OR divest* OR dividend OR transfer* OR transact* OR MHR OR PSP OR public sector pension OR pension investment OR pension board OR Rachesky OR sue* OR lawsuit OR suit OR litig* OR conflict* OR relation* OR connect*) |
>
> The hits returned by this proposed search were particularly high and specifically the generic term of "Russell" appeared to be returning a significant amount of false positives. ***Accordingly, Defendants propose that generic terms be removed and the following modified search be run:***
>
> - (Begeman OR Keglevic) AND (board OR BOD OR director* OR appoint* OR select* OR search* OR choos* OR chose OR replac* OR spin* OR divest* OR dividend OR transfer* OR transact* OR MHR OR PSP OR "public sector pension" OR "pension investment" OR "pension board" OR Rachesky OR sue* OR lawsuit OR suit OR litig* OR conflict* OR relation* OR connect*)
>
> For the sake of clarity, confirming that for the PJT custodians (Messrs. Zelin and Schlappig), Defendants have accepted and will review for responsiveness and privilege, the documents returned by Plaintiff's May 1 proposed search strings, except for the one string noted above, for the time period of May 1, 2023 to September 12, 2025. A hit report for the modified search that Defendants are willing to agree to is attached. Please see the attached excel titled "PJT Revised Term Hits."

- ***On Monday, August 3 at 12:49 pm ET***, Plaintiff responded to Defendants' July 27 email, noting that it appreciated Defendants' "willingness to conduct a more thorough collection for PJT" and only pushed back on one item—Defendants' proposal to modify the one search string that contained the term "Russell." Plaintiff asked Defendants to maintain that search string as originally drafted.

- ***On Thursday, August 6 at 9:03 am ET***, Defendants responded to Plaintiff's August 3 email and provided their position on the only dispute that remained—the search string that included the term "Russell." In the August 6 email, Defendants provided further information regarding why Plaintiff's proposed search string was too onerous and pulling in irrelevant documents. Defendants then proposed a modified search string in an effort to resolve the dispute.

- ***On Tuesday, August 11 at 8:50 am ET***, Plaintiff responded to Defendants' August 6 email confirming agreement on the search protocol for PJT. Specifically, Plaintiff said:

> We appreciate your responses to our questions concerning PJT and Stout and are willing to accept your proposals for the time being, in the interest of reducing burden on the Court. We respond to your questions concerning Relativity aiR for Review inline below.

In light of the foregoing, there is no reasonable basis for Plaintiff to claim that Defendants did not disclose the search parameters it was using for PJT's custodians and that the parties did not reach agreement on this issue weeks before the August 26 email. And similarly, there is no basis to now demand—at the eleventh hour—that Defendants collect and produce documents from PJT through January 21, 2026. Undertaking such an effort would certainly impose additional burden, time, and expense on Defendants. Nonetheless, we are available for a call this week to meet and confer on this issue. Please let us know some dates/times that work for the Paul Weiss team.

**<u>With respect to your question regarding the three members of the Special Committee (Messrs. Begeman, Russell, and Keglevic) and the time period for their productions,</u>** the time period Defendants used was November 1, 2024, to January 21, 2026. Plaintiff is certainly aware of this as Defendants disclosed this date range and Plaintiff agreed to this date range (after raising concerns with the original date range proposed by Defendants and pushing back on the proposed start date) on September 1. *See* A. Keller Sept. 1 Email at 5:03 pm ET.

Thanks,
Kaitlin

**Kaitlin P. Sheehan**
-----------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3417 **M** +1 646 265 0660
**F** +1 212 446 4900
-----------------------------------
kaitlin.sheehan@kirkland.com

---

**From:** Keller, Andrea M <akeller@paulweiss.com>
**Sent:** Friday, September 25, 2026 1:37 PM
**To:** Sheehan, Kaitlin P. <kaitlin.sheehan@kirkland.com>; Yeager, Eric <eric.yeager@kirkland.com>; Goldfine, Jeffrey Ross <jeffrey.goldfine@kirkland.com>; Greenblatt, Josh <josh.greenblatt@kirkland.com>; Smith, Palmer <palmer.smith@kirkland.com>; Martin, Shelby <shelby.martin@kirkland.com>; Sheptin, Zachary <zachary.sheptin@kirkland.com>
**Cc:** *ppaterson@paulweiss.com <ppaterson@paulweiss.com>; Clareman, William <wclareman@paulweiss.com>; Siegel, Max <msiegel@paulweiss.com>; Zehner, Ryan <rzehner@paulweiss.com>
**Subject:** RE: WSFS v. Telesat // PJT Production

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Kaitlin,

PJT's inexplicable failure to search documents for the full time period is inexcusable and must immediately be rectified. Your email ignores Plaintiff's August 26 email to Defendants about this precise issue. In that email, we confirmed that Plaintiff was running searches, including for Evercore and Lincoln, through January 20, 2026, and stated "[w]e assume Defendants are doing the same for all of their searches, but please let us know if not." Defendants remained silent and never responded that they were running a narrower period for PJT. Nor would that have made any sense whatsoever, given that PJT has far more detailed knowledge about the core issues relevant to this case than Evercore and Lincoln, but as you knew, even they were searching for the broader time period. Contrary to your email, Plaintiff did not on August 11 (or on any other date) agree to a different time period for PJT. Plaintiff's 8:50 am email on August 11 confirms agreement to Defendants' proposed changes to the *search strings* for PJT; it has nothing to do with the time period.

We note that your list below of custodians for whom Defendants ran the proper time period excludes the three Special Committee members (*i.e.*, Gary Begeman, Ted Russell, and Paul Keglevic). Do you mean to suggest that you did not search their documents through the date of the complaint either?

Please confirm by Monday that Defendants will immediately collect and produce documents

from the full time period for PJT. Otherwise, we will reach out to the Court next week.

Thanks,
Andrea

**Andrea Keller** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3876 (Direct Phone) | +1 716 550 0010 (Cell)
akeller@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Sheehan, Kaitlin P. <kaitlin.sheehan@kirkland.com>
**Sent:** Thursday, September 24, 2026 10:30 PM
**To:** Keller, Andrea M <akeller@paulweiss.com>; Yeager, Eric <eric.yeager@kirkland.com>; Goldfine, Jeffrey Ross <jeffrey.goldfine@kirkland.com>; Greenblatt, Josh <josh.greenblatt@kirkland.com>; Smith, Palmer <palmer.smith@kirkland.com>; Martin, Shelby <shelby.martin@kirkland.com>; Sheptin, Zachary <zachary.sheptin@kirkland.com>
**Cc:** Paterson, Paul <ppaterson@paulweiss.com>; Clareman, William <wclareman@paulweiss.com>; Siegel, Max <msiegel@paulweiss.com>; Zehner, Ryan <rzehner@paulweiss.com>
**Subject:** RE: WSFS v. Telesat // PJT Production

Andrea,

With respect to time frame for production from the PJT custodians, Plaintiff's observations are correct—Defendants' collection, review, and production of PJT documents was only through September 12, 2025 (the date the transaction at issue in Plaintiff's complaint closed). Defendants disclosed these search parameters to Plaintiff. *See* July 27, 2026 Email from K. Sheehan to M. Siegel at 6:36 AM ET. And Plaintiff confirmed agreement on August 11. *See* August 11, 2026 Email from M. Siegel to K. Sheehan at 8:50 AM ET.

Defendants followed this same disclosure process for every single one of their custodians. To the extent helpful, there are numerous custodians that Defendants did collect and produce documents through the date of complaint (which again, Defendants previously disclosed to Plaintiff). Those custodians are:

1. DiFrancesco
2. Fadden
3. Bull
4. Vinnakota
5. Schwartz
6. Flaherty
7. Firkins
8. Goldberg
9. Browne
10. Tremblay
11. Rachesky
12. Morin

Finally, for the avoidance of doubt, there are a handful of smaller, follow on productions that Defendants will be making from certain of Defendants' custodians, including PJT, over the next week or so.

Thanks,
Kaitlin

**Kaitlin P. Sheehan**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3417 **M** +1 646 265 0660
**F** +1 212 446 4900

kaitlin.sheehan@kirkland.com

---

**From:** Keller, Andrea M <akeller@paulweiss.com>
**Sent:** Wednesday, September 23, 2026 10:41 PM
**To:** Phillips, Ashley R. <ashley.phillips@kirkland.com>; Yeager, Eric <eric.yeager@kirkland.com>; Goldfine, Jeffrey Ross <jeffrey.goldfine@kirkland.com>; Greenblatt, Josh <josh.greenblatt@kirkland.com>; Sheehan, Kaitlin P. <kaitlin.sheehan@kirkland.com>; Lau, Lester <lester.lau@kirkland.com>; Smith, Palmer <palmer.smith@kirkland.com>; Martin, Shelby <shelby.martin@kirkland.com>; Sheptin, Zachary <zachary.sheptin@kirkland.com>; Caminiti, Nicholas J. <nicholas.caminiti@kirkland.com>
**Cc:** *ppaterson@paulweiss.com <ppaterson@paulweiss.com>; Clareman, William <wclareman@paulweiss.com>; Siegel, Max <msiegel@paulweiss.com>; Zehner, Ryan <rzehner@paulweiss.com>
**Subject:** WSFS v. Telesat // PJT Production

Counsel,

The productions from PJT do not contain any documents from after the transaction and there are also no privilege log entries for any documents from PJT from after the transaction. As the parties agreed, as reflected at least as recently as Plaintiff's August 26, 2026 email, search terms were supposed to be run by both sides until the date of the filing of the Complaint. Please let us know when we can expect the missing documents (and potentially missing privilege log entries).

Thank you,
Andrea

**Andrea Keller** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3876 (Direct Phone) | +1 716 550 0010 (Cell)
akeller@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated

entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.