# KIRKLAND & ELLIS LLP

Kaitlin P. Sheehan
To Call Writer Directly:
+1 212 909 3417
kaitlin.sheehan@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 9, 2026

**VIA CM/ECF**
Hon. Sarah L. Cave
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

**Re: *WSFS v. Telesat GEO Inc. (f/k/a Telesat Canada) et al.*, Case No. 1:26-cv-01346-VSB-SLC (S.D.N.Y.)**

Dear Judge Cave:

Pursuant to Rule II.C.2 of Your Honor's Individual Practices in Civil Cases, Defendants Telesat GEO Inc. and Telesat LEO CanHold Corporation move to compel Plaintiff to produce (1) all investment committee materials from Silver Point, Sound Point, and GoldenTree (the "Directing Lenders") and (2) every such material slipsheeted in Plaintiff's production.

On September 7 at 12:00 p.m., Defendants' counsel (Jeff Goldfine and Kaitlin Sheehan) met and conferred with Plaintiff's counsel (Paul Paterson) for 20 minutes. The parties reached an impasse, and Defendants advised they would seek the Court's intervention. Defendants respectfully request to be heard on this issue, which is noted in the parties' joint letter, during the October 13 conference.

## I. All Investment Committee Materials Should Be Produced.

Defendants' RFPs request "all investment committee memoranda." ECF 90-1 at 26. In its R&Os, Plaintiff agreed to produce such materials, along with valuation, solvency, and other financial analyses. *Id.* at 18-27. Based on this agreement, Defendants made a go-get request for these materials in their proposed search protocol. Plaintiff then reneged on August 11, claiming that the materials are irrelevant and too sensitive. ECF 90 at 3.

On August 13, Defendants asked the Court to order production of the valuation materials, including investment committee memoranda, from all Ad Hoc Group members. ECF 83 at 5. Such materials go to the heart of Plaintiff's claim that Telesat, while insolvent, transferred its crown jewels to defraud creditors. At the August 17 conference, Plaintiff resisted producing investment committee memoranda from 35 institutions as burdensome and unnecessary based on

KIRKLAND & ELLIS LLP



the claim that the Directing Lenders were already "producing documents." ECF 86 (8/17/26 Hr'g Tr. 51:1-55:10). The Court denied broader discovery on that premise because "Defendants have received or shall receive discovery from the Directing Lenders." ECF 85 at 4.

On August 24, Defendants narrowed their request to the Directing Lenders, as the Court's order contemplated—again, seeking all responsive valuation materials, including investment committee memoranda. Plaintiff refused without explanation. At the September 10 conference, Defendants explained that these materials address the Directing Lenders' purchases of Telesat debt and contain their own valuations. ECF 99 (9/10/26 Hr'g Tr. 25:2-30:10). In the "interest of time," the Court directed Plaintiff "to complete [its] production" and invited Defendants to raise the issue "at the next conference" if they remained "unsatisfied." *Id.* at 38:1-13. The Court deferred ruling in case Plaintiff's productions mooted the issue. The Court did not "expressly" sanction the withholding of responsive non-privileged documents as Plaintiff claims.

As Plaintiff concedes, investment committee memoranda "contain the final proprietary analysis of an investment that are presented to the highest level decision-makers at a fund." *Id.* at 36:16-18. But Plaintiff produced nothing of the kind—only emails with off-the-cuff discussion and back-of-the-envelope valuations.

Even if supportable, Plaintiff's sensitivity objection does not entitle Plaintiff to withhold documents because the concern can be "addressed with a confidentiality order." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 167 n.4 (S.D.N.Y. 2011). But the objection is pretextual; Plaintiff withheld every harmful Telesat memo, yet produced a Silver Point memo about an unrelated entity. Ex. A (the "[redacted] Memo").

The [redacted] Memo proves what Defendants have argued all along: investment committee materials are highly relevant. [redacted]

The Telesat memos undoubtedly contain the same information, and withholding them would cripple Defendants' defense. Without them, Defendants will be deprived of core impeachment and rebuttal evidence to rebut the valuations of Plaintiff's expert, or cross-examine Plaintiff witnesses on their views of Telesat's solvency and performance. Plaintiff should be ordered to produce the Directing Lenders' investment committee materials.

**II. All Slipsheeted Investment Committee Materials Should Be Produced.**

Defendants' review uncovered not just gaps, but egregious discovery misconduct. Plaintiff withheld 78 investment committee materials from otherwise responsive families, burying them behind slipsheets labeled "Investment Committee Materials." *E.g.*, Exs. B-C. These documents came from agreed-upon custodians and hit agreed-upon search terms. Withholding them flouts the fundamental tenets of discovery. *Clark Material Handling Co. v. Toyota, Inc.*, 2014 WL 12738937, at *1-2 (W.D.N.C. Mar. 10, 2014) (failure to produce slipsheeted documents "may result in the imposition of sanctions").[1]

*First*, Plaintiff "waived relevancy objections" by promising in its R&Os to produce these materials. *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003). Plaintiff offers no reason for reneging—other than that the materials are harmful.

*Second*, Plaintiff's conduct is an affront to the Court's ESI Order, which requires production of whole families whenever any member is responsive and bars withholding any member on responsiveness grounds. ECF 46 §§ I(B)(12), VIII(A); *see GSK v. Pfizer Inc.*, 2026 WL 1954300, at *2 (D. Del. July 7, 2026) (ordering production of slipsheeted documents because it violated the ESI order); *Clark*, 2014 WL 12738937, at *1-2 (similar).

*Third*, the slipsheeted documents are presumed relevant because each sits within a responsive family. *Karnoski v. Trump*, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020). And, as explained above, investment committee materials are highly relevant.

On October 5, Plaintiff refused to correct its misconduct. At the October 7 meet-and-confer, Plaintiff confirmed it withheld these responsive materials not as privileged, but remarkably claimed the Court had "expressly" authorized withholding investment committee materials at the September 10 conference, even within responsive families. Nothing the Court said—at the conference or in its order (ECF 91)—superseded the ESI Order or authorized Plaintiff's slipsheeting tactic.

Plaintiff's misconduct is egregious. It is hiding the Directing Lenders' most important documents regarding Telesat. Plaintiff does not claim privilege but seeks to conceal these critical documents precisely because they are harmful. For example, even after the Transaction, one Directing Lender kept buying Telesat debt—amassing more than half of all debt outstanding—yet Plaintiff refuses to produce the materials discussing and approving those purchases. Only one explanation fits: the Directing Lenders' investment committees believe Telesat's debt is undervalued and that the Transaction did not impair creditors' recovery. Had

---

[1] Defendants are not seeking sanctions, but reserve all rights.

KIRKLAND & ELLIS LLP



those materials been helpful, Plaintiff would have produced them. Plaintiff should be ordered to produce them.

Words: 1,050 / 1,050

Dated: New York, New York
October 9, 2026

KIRKLAND & ELLIS LLP

*/s/ Kaitlin P. Sheehan*

Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation*

cc. All counsel of record