# KIRKLAND & ELLIS LLP

Kaitlin P. Sheehan
To Call Writer Directly:
+1 212 909 3417
kaitlin.sheehan@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 13, 2026

**VIA ECF**
Hon. Sarah L. Cave
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

**Re: *WSFS v. Telesat GEO Inc. (f/k/a Telesat Canada) et al.*, Case No. 1:26-cv-01346-VSB-SLC (S.D.N.Y.)**

Dear Judge Cave:

We represent Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation ("Defendants") in the above-referenced action. We write pursuant to Rule I.F.2 of Your Honor's Individual Practices in Civil Cases, and in response to Plaintiff's October 9, 2026 letter motion (ECF 106), to respectfully request that the Court maintain under seal Exhibits 1 and 3–8 (ECF 108-1, 108-3 to 108-8) (the "Confidential Exhibits") to the parties' October 9, 2026 Joint Discovery Letter (the "Joint Letter"), and the portions of the Joint Letter that quote or describe them as reflected in the redacted version of the Joint Letter filed at ECF 108.[1] Defendants produced the Confidential Exhibits in discovery and each of them has been designated "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" under the Stipulated Confidentiality Agreement and Protective Order (ECF 51) (the "Protective Order").

The common law right of public access to judicial documents is not absolute, but rather the public's interest in access to judicial documents must be balanced against the privacy interests of those resisting disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Where, as here, the documents are submitted in connection with a discovery dispute, the presumption of access is "generally somewhat lower," and the reasons for sealing "usually need not be as compelling." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Courts in this District therefore regularly seal documents to avert "[p]otential damage from the release of sensitive business information," *Bergen Brunswig*

[1] For the avoidance of doubt, the under seal versions of the Confidential Exhibits and the unredacted form of the Joint letter is available at ECF 107.

*Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998), recognizing that "documents containing proprietary information and sensitive business information are routinely sealed in this district." *Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc.*, No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026). This Court has applied that standard twice in this action, sealing materials designated under the Protective Order. *See* ECF 77; ECF 84.

Here, each of the Confidential Exhibits as well as the portions of the Joint Letter quoting from or summarizing those Confidential Exhibits contains specific, non-public sensitive business information whose public disclosure would cause competitive, commercial or privacy harm to Defendants or to non-parties. Defendants therefore request that the Confidential Exhibits remain under seal. They also request that the passages of the Joint Letter that quote, describe, or summarize those exhibits be redacted from the public version. Those passages would disclose the same non-public information as the documents themselves. Defendants do not seek to seal Exhibit 2 (TELESAT_00001802), which is drawn from Telesat Corporation's publicly filed annual report on Form 20-F. The documents at issue, and the grounds for sealing each, are as follows:

- **Exhibit 1 (ECF 108-1).** This is a non-public solvency opinion prepared by Stout Risius Ross, LLC (the company's third-party valuation advisor) in connection with the September 2025 Transaction. This document has been designated "Highly Confidential – Outside Counsels' Eyes Only" and it reflects Stout's proprietary valuation methodology and includes forward-looking business projections and other sensitive business and proprietary information regarding Defendants and the LEO and GEO businesses. *See Spectrum Dynamics*, 2026 WL 931622, at *2; *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2023 WL 3477552, at *5 (S.D.N.Y. May 16, 2023).

- **Exhibit 3 (ECF 108-3).** This is a document produced by non-party shareholder, PSP Investments and has been designated "Confidential." It contains PSP's proprietary assessment of its investment in the company, including certain financial metrics and risk analysis. Disclosure of a document that contains a non-party's proprietary investment analysis would inflict competitive harm and should not be publicly disclosed. *See Ripple Labs*, 2023 WL 3477552, at *7.

- **Exhibit 4 (ECF 108-4).** This is a document produced by Defendants that has been designated "Confidential." It contains an internal finance team chat discussing non-public information related to Defendants' audit and internal financial reporting. It also includes a breakdown of non-public fees related to certain of the company's advisors. This type of information is regularly maintained under seal. *See Spectrum Dynamics*, 2026 WL 931622, at *2 (sealing "numerical figures acquired through internal corporate analysis"); *Ripple Labs*, 2023 WL 3477552, at *5 (sealing "internal financial reports").

- **Exhibit 5 (ECF 108-5).** This is a January 2026 communication between the Company and its auditor designated “Highly Confidential – Outside Counsels’ Eyes Only.” It contains non-public business information including certain information regarding the status of the company’s upcoming debt maturities and options related to same.

- **Exhibit 6 (ECF 108-6).** This is an email chain among members of the Special Committee and counsel and contains personal information (*i.e.* personal emails/phone numbers), as well as non-public information related to the role of the members of the board of directors. The exhibit has been designated “Confidential” and should remain sealed. Because the Joint Letter only cites this document without disclosing its contents, Defendants do not seek redaction of that citation.

- **Exhibit 7 (ECF 108-7).** These are the August 11, 2025 minutes of the Special Committees’ meeting that have been designated “Highly Confidential – Outside Counsels’ Eyes Only.” These minutes reflect confidential board-level deliberations amongst the members of the Special Committee, including advice and information provided by the Special Committee’s advisors. Internal corporate deliberations and board-level discussions are routinely maintained under seal. *See Spectrum Dynamics*, 2026 WL 931622, at *2 (sealing “internal corporate deliberations”).

- **Exhibit 8 (ECF 108-8).** This is an internal Slack conversation produced by non-party PJT, the company’s financial advisor, discussing non-public information related to the company’s strategic positioning and upcoming debt maturities. These types of sensitive and non-public business discussions are regularly maintained under seal and the document has been designated “Highly Confidential – Outside Counsels’ Eyes Only.” *See id.*; *Ripple Labs*, 2023 WL 3477552, at *5.

For the foregoing reasons, Defendants respectfully request that the Court enter an order maintaining the Confidential Exhibits under seal (ECF 108-1, 108-3 to 108-8) and permitting redaction of the portions of the Joint Letter that quote, describe or summarize the Confidential Exhibits, as reflected in the redacted version of the Joint Letter (ECF 108).

Dated: New York, New York
October 13, 2026

KIRKLAND & ELLIS LLP

*/s/ Kaitlin P. Sheehan*

Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation*

cc. All counsel of record