UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON SAVINGS FUND SOCIETY, FSB, in its capacity as Administrative Agent,

Plaintiff,

-v-

TELESAT CANADA, et al.,

Defendants.

CIVIL ACTION NO. 26 Civ. 1346 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court held a telephone conference on October 13, 2026 (the "Conference"), at which (i) counsel for Plaintiff Wilmington Savings Fund Society, FSB, in its capacity as Administrative Agent ("Plaintiff"); (ii) counsel for Defendants Telesat Canada and Telesat LEO CanHold Corporation ("Defendants"); and (iii) Kobre & Kim LLP ("K&K"), counsel for non-party Special Committees of the Boards of Directors of Telesat Geo Inc. and Telesat LLC, appeared. Following the Conference, the Court **ORDERS** the following:

1. By **October 16, 2026**, the parties shall order a copy of the Conference transcript by using the annexed form.

2. By **October 14, 2026 at 5:00 p.m. ET**, the parties shall email Chambers (Cave_NYSDChambers@nysd.uscourts.gov) to confirm whether they are available for a settlement conference on November 6, 2026 at 10:00 a.m. ET.

3. On September 18, 2026, Plaintiff filed a letter requesting that K&K "(1) identify whether custodians were on litigation holds, and (2) "run broader hit reports." (Dkt. No. 96 (the "K&K Request")). On October 2, 2026, K&K filed its opposition to the

K&K Request. (Dkt. No. 104). As discussed during the Conference, K&K represented that it has already conducted searches of two sources containing potentially responsive documents and produced all non-privileged responsive documents. (See Dkt. No. 104). Given that Plaintiff has not identified any gaps in K&K's production, and that K&K is not a party to this action, the K&K Request is overly broad and unduly burdensome and is therefore **DENIED**. The parties are referred to the Transcript for the full discussion of the Court's analysis of and ruling on the K&K Request.

4. With respect to Plaintiff's assertion that Defendants' productions and privilege logs are deficient, (see Dkt. No. 107 at 1–4), the parties shall continue to meet and confer. To the extent the parties have remaining disputes on this issue following that meet and confer, they shall raise them in the next joint letter and be prepared to discuss them at the next telephone conference on November 2, 2026. (See ¶¶ 8–9, infra).
5. With respect to Plaintiff's objections to Defendants' assertions of common interest privilege, (see Dkt. No. 107 at 2–4), the Court sets the following briefing schedule:
    a. By **October 23, 2026**, Plaintiff shall file its letter limited to 1,050 words.
    b. By **November 6, 2026**, Defendants shall file their response limited to 1,050 words. Defendants shall also upload for the Court's in camera review no more than 20 exemplar documents, with at least two documents from each challenged category (the "Exemplars"), via the file share link that the Court will email to counsel for Defendants. The parties shall meet and confer to select the Exemplars.

6. With respect to Plaintiff's objection that Defendants "stopped their production from PJT, Telesat's financial advisor, on the date of the Transaction [September 12, 2025][,]" (Dkt. No. 107 at 2, 4), the Court notes that Defendants previously disclosed that their collection, review, and production of PJT documents would only be through September 12, 2025. (Dkt. No. 107-11). On August 11, 2026, Plaintiff agreed to those search parameters. (Id.) Given that Plaintiff did not object to that date range, (see Dkt. Nos. 107 at 4; 107-11), Plaintiff's request that Defendants expand the date range for the PJT review and collection is **DENIED**. Defendants are not required to produce any documents from PJT that post-date the agreed end date of September 12, 2025.
7. The Court is in receipt of Defendants' motion to compel Plaintiff to produce "(1) all investment committee materials from Silver Point, Sound Point, and [] and (2) every such material slipsheeted in Plaintiff's production." (Dkt. No. 110 (the "Motion")). As an initial matter, the Motion violates this Court's Local Rules and the undersigned's Individual Practices in Civil Cases § II.C.2. In the first instance, after the parties have met and conferred about a discovery dispute, "the moving party must request a discovery conference with the Court, by Letter-Motion, as required by Local Civil Rule 37.2." Individual Practices in Civil Cases § II.C.2; see Loc. Civ. R. 37.2. The Court therefore construes the Motion as a request for a conference pursuant to Local Civil Rule 37.2, and **GRANTS** that request. By **October 19, 2026**, Plaintiff shall file a response limited to 1,050 words to the issues raised in the Motion, which the Court will discuss at the next telephone conference on November 2, 2026. (See ¶ 9, infra).

8. By **October 29, 2026 at 5:00 p.m. ET**, the parties shall file a joint letter of no longer than 1,750 words, along with any exhibits, updating the Court on the status of discovery and any issues ripe for the Court's attention.

9. Another telephone conference to discuss the status of discovery is scheduled for **November 2, 2026 at 2:00 p.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time.

The Clerk of Court is respectfully directed to close Dkt. Nos. 110 and 111.

Dated: New York, New York
October 13, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.

**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ___________________

| Case Caption | |
|---|---|

| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
|---|---|---|
| | | |

**INDICATE SERVICE:**

(prices listed are per page)

| Daily $7.30 ◯ | 3 Day $6.55 ◯ | 7 Day $5.85 ◯ | 14 Day $5.10 ◯ | 30 Day $4.40 ◯ |
|---|---|---|---|---|

| | |
|---|---|
| Your Name | |
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

RESET PRINT SAVE EMAIL