PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**William Clareman**
**Direct Dial:** +1 212 373 3248
**Email:** wclareman@paulweiss.com

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

MEMO ENDORSED

October 19, 2026

Hon. Sarah L. Cave
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

**By ECF**

***Wilmington Savings Fund Society, FSB* v. *Telesat Canada et al.***
**(Case No. 1:26-cv-01346-VSB-SLC)**

Dear Judge Cave:

Pursuant to Rule I.F of Your Honor's Individual Practices in Civil Cases, Plaintiff Wilmington Savings Fund Society, FSB ("Plaintiff") respectfully submits this letter requesting permission to permanently file under seal Exhibits 2, 3, 4, 9, and 10 attached to Plaintiff's opposition to Defendants' motion concerning investment committee memoranda (ECF No. 111) ("Opposition Letter").

There is a presumption of public access to judicial documents, but that presumption is "not absolute." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Instead, "court[s] must determine the weight of the presumption that attaches" to the judicial documents at issue and then "determine whether competing considerations outweigh th[at] presumption." *Spectrum Dynamics Med. Ltd.* v. *GE Healthcare Techs., Inc.*, 2026 WL 931622, at *1 (S.D.N.Y. Apr. 6, 2026). Where, as here, "the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (quoting *Royal Park Investments SA/NV* v. *Deutsche Bank Natl. Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016)). That means that the reason for sealing "need not be as compelling." *Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

One of the competing considerations that may warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd.*, 2026 WL 931622, at *2. In fact, courts in this District routinely seal confidential, proprietary business and financial information—like that at issue here—where disclosure could cause competitive or other commercial harm. *See, e.g.*, *id.* (finding "documents containing proprietary information and sensitive business information are routinely sealed in this district" and sealing "price points, internal corporate deliberations, and numerical figures acquired through internal corporate analysis" (collecting cases)); ECF No. 116 (sealing defendants' exhibits where defendants claimed they "contain[] specific, non-public sensitive business information whose public disclosure would cause competitive, commercial or privacy harm to Defendants or to non-parties"); *GoSMiLE, Inc.* v. *Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

The Exhibits easily meet the test for sealing under these standards:

- **Supporting Materials for Investment Committee Memoranda ("IC Memos")**: Exhibits 2 (DIR-LEND-00464301), 9 (DIR-LEND-00278926), and 10 (DIR-LEND-00278927) are all supporting materials for IC Memos. In particular, Exhibit 2 is an excel spreadsheet created by Silver Point Capital L.P. reflecting Silver Point's proprietary valuation methodologies and financial assessment of Telesat Canada and its businesses. Similarly, Exhibits 9 and 10 are documents created by GoldenTree Asset Management containing its confidential assessment of the financial condition and position of Telesat Canada and its GEO and LEO businesses. All three documents were marked confidential and all three were relied on for creating and/or incorporated into IC Memos of those entities and used to make investment decisions in connection with Telesat Canada. This sensitive business and financial information should be sealed. Public disclosure would expose Silver Point and GoldenTree's investment processes and trading strategies to competitors and market counterparties. *See In re Dreier LLP*, 485 B.R. 821, 823–24 (Bankr. S.D.N.Y. 2013) (sealing portion of deposition transcript revealing "how [deponent] decides which fund will make an investment" and involves "strategic decision making" because "another hedge fund could conceivably copy it to its own advantage").

- **Evercore's Evaluations of Telesat Canada**: Exhibits 3 (EVR-00000239) and 4 (EVR-00054277) are both evaluations of Telesat Canada and its business conducted by the Directing Lenders' financial advisor, Evercore Inc. Exhibit 3 was marked confidential, and Exhibit 4 was marked attorneys' eyes only. Exhibit 3 is an excel spreadsheet, and Exhibit 4 is a presentation, and they both contain and reflect Evercore's proprietary valuation methodologies related to Telesat Canada and its businesses. This information should be sealed for the same reasons as Exhibits 2, 9, and 10. These analyses constitute Evercore's and (by extension) the Directing Lenders' sensitive business information.

Plaintiff's request is narrowly tailored. Plaintiff seeks to seal only five of the ten Exhibits submitted in connection with its Opposition Letter. The remainder of the Exhibits, and the Opposition Letter itself, including Plaintiff's arguments and the parties' positions on the underlying discovery dispute, remain publicly available, ensuring that the public can understand the nature of the dispute and the Court's resolution of it.

For the foregoing reasons, Plaintiff respectfully requests that the Court order that Exhibits 2, 3, 4, 9, and 10 attached to the Opposition Letter be permanently filed under seal.

Dated: October 19, 2026

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *William A. Clareman*
Brian S. Hermann
William A. Clareman
Joseph M. Graham
Paul A. Paterson
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
bhermann@paulweiss.com
wclareman@paulweiss.com
jgraham@paulweiss.com
ppaterson@paulweiss.com

*Attorneys for Plaintiff Wilmington Savings Fund Society, FSB*

The Court is in receipt of the letter at Dkt. No. 120 filed by Plaintiff Wilmington Savings Fund Society, FSB ("Plaintiff") requesting to file Exhibits 2, 3, 4, 9, and 10 (the "Exhibits") attached to Plaintiff's opposition to Defendants' motion concerning investment committee memoranda (Dkt. No. 111) under seal to protect competitively sensitive business information. (Dkt. No. 120 (the "Sealing Request")). Given that "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict[,]" Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026), the Sealing Request is **GRANTED**.

The Exhibits shall remain under seal at Dkt. No. 121-2, 121-3, 121-4, 121-9, and 121-10. Plaintiff has already emailed Chambers courtesy copies of the unsealed versions of the Exhibits.

The Clerk of Court is respectfully directed to close Dkt. No. 120.

SO ORDERED. October 20, 2026

Sarah L. Cave
SARAH L. CAVE
United States Magistrate Judge