Kaitlin P. Sheehan
To Call Writer Directly:
+1 212 909 3417
kaitlin.sheehan@kirkland.com

# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

The Court is in receipt of the letter at Dkt. No. 127 filed by Defendants Telesat GEO Inc. and Telesat LEO CanHold Corporation ("Defendants") requesting to redact the October 13, 2026 conference transcript (Dkt. No. 118 (the "Transcript")). (Dkt. No. 127 (the "Request")). Although Defendants listed the requested redactions in their Request, they did not file a publicly available version of the Transcript with those requested redactions. Accordingly, the Request is **DENIED WITHOUT PREJUDICE**. By **October 28, 2026**, Defendants shall file re-file the Request and shall attach a publicly available version of the Transcript with their requested redactions.

The Clerk of Court is respectfully directed to close Dkt. No. 127.

SO ORDERED. October 23, 2026

SARAH L. CAVE
United States Magistrate Judge

October 22, 2026

**VIA ECF**
Hon. Sarah L. Cave
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

**Re: *WSFS v. Telesat GEO Inc. (f/k/a Telesat Canada) et al.*, Case No. 1:26-cv-01346-VSB-SLC (S.D.N.Y.)**

Dear Judge Cave:

We represent Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation ("Defendants") in the above-referenced action. Under Rule I.F.2 of Your Honor's Individual Practices, Defendants respectfully request that the Court allow limited redactions to the transcript of the October 13, 2026 conference (ECF 118, the "Transcript"). Specifically, Defendants request that the Court permit redactions to the following page/line numbers of the Transcript: 12:25–13:6; 15:17–22; 30:17–23; and 40:18–41:1 (the "Proposed Transcript Redactions").

On four separate occasions during the October 13 conference, Plaintiff's counsel quoted from and/or described documents that Defendants produced and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" under the Stipulated Confidentiality Agreement and Protective Order (ECF 51). Certain of these documents that Plaintiff's counsel referenced are the same documents that were provisionally filed under seal as Exhibits to the parties' October 9, 2026 joint discovery status letter (ECF 107), and subsequently sealed pursuant to the Court's October 16 Order (ECF 116). In granting that relief, the Court recognized: (i) Defendants' confidentiality designations, (ii) the fact that the joint letter "quotes portions of the Exhibits," and (iii) the principle that "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict." (quoting *Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc.*, No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026)).

The same grounds apply here. The Proposed Transcript Redactions are each an instance where Plaintiff's counsel quoted from and/or revealed information that could only be known through review of the documents Defendants produced and designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." And the Proposed Transcript Redactions are narrowly tailored. They cover only the specific language quoting or describing the sealed Exhibits. Specifically, Defendants ask to redact:

- **Transcript at 12:25–13:6.** In this passage, Plaintiff's counsel describes the contents of emails and correspondence by and among the members of the Special Committee and Kirkland regarding the selection of Special Committee members and its counsel, all of which were produced to Plaintiff and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

- **Transcript at 15:17–22.** In this passage, Plaintiff's counsel describes the contents of documents produced to Plaintiff concerning the Special Committee's engagement of a valuation advisor. The same information was redacted from the public version of the parties' October 9 joint letter (ECF 108 at 2), and the Court ordered the unredacted letter permanently sealed (*see* ECF 116).

- **Transcript at 30:17–23.** In this passage, Plaintiff's counsel refers to an internal Telesat message about Telesat's auditor, which was produced to Plaintiff and designated "CONFIDENTIAL" and is one of the documents that the Court previously sealed in connection with the parties' October 9 joint letter (ECF 107-4).

- **Transcript at 40:18–41:1.** In this passage, Plaintiff's counsel describes and quotes from statements in Exhibits 7 and 8 (ECF 107-7, 107-8) to the parties' October 9 joint letter, which were subject to this Court's October 16 Order and sealed (ECF 116).

Defendants also ask that the Transcript stay restricted until the Court rules on this request.

Respectfully submitted,

Dated: New York, New York
October 22, 2026

KIRKLAND & ELLIS LLP

*/s/ Kaitlin P. Sheehan*

Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation*

cc. All counsel of record