KIRKLAND & ELLIS LLP

Josh Greenblatt, P.C.
To Call Writer Directly:
+1 212 446 4869
josh.greenblatt@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

November 6, 2026

**VIA ECF**

Hon. Sarah L. Cave
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

**MEMO ENDORSED**

**Re**: ***WSFS v. Telesat GEO Inc. (f/k/a Telesat Canada) et al.*, Case No. 1:26-cv-01346-VSB-SLC (S.D.N.Y.)**

Dear Judge Cave:

We represent Defendants Telesat GEO Inc. (f/k/a Telesat Canada) ("Telesat GEO") and Telesat LEO CanHold Corporation (together, "Defendants") in the above-referenced action. We write pursuant to Rule I.F.2 of Your Honor's Individual Practices in Civil Cases to respectfully request that the Court permit Defendants to file under seal Exhibits 1–3 (the "Confidential Exhibits") attached to Defendants' letter in response to Plaintiff's October 23, 2026 letter regarding Defendants' assertion of the common-interest privilege with respect to communications with the Special Committee and its advisors (ECF 134 (redacted); ECF 135 (sealed)) ("Plaintiff's Letter"), and to redact the portions of Defendants' letter that quote or describe the Confidential Exhibits and Exhibit 1 to Plaintiff's Letter (ECF 135-1), which the Court has previously sealed (ECF 138). Each of these documents was produced in discovery and designated "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" under the Stipulated Confidentiality Agreement and Protective Order (ECF 51) (the "Protective Order").

The common law right of public access to judicial documents is not absolute, but rather the public's interest in access to judicial documents must be balanced against the privacy interests of those resisting disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Where, as here, the documents are submitted in connection with a discovery dispute, the presumption of access is "generally somewhat lower," and the reasons for sealing "usually need not be as compelling." *Brown v.*

*Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Courts in this District therefore regularly seal documents to avert "[p]otential damage from the release of sensitive business information," *Bergen Brunswig Corp. v. Ivax Corp.*, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998), recognizing that "documents containing proprietary information and sensitive business information are routinely sealed in this district." *Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc.*, 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026). This Court has applied that standard numerous times in this action, sealing materials designated under the Protective Order. *See e.g.*, ECF 77; ECF 84; ECF 116.

Each of the Confidential Exhibits contains specific, non-public, sensitive business information whose public disclosure would cause competitive, commercial, or privacy harm to Defendants. A summary of each of the Confidential Exhibits and the grounds for sealing each are as follows:

- **Defendants' Exhibit 1.** These are four letters dated May 13, June 17, August 8, and October 15, 2024, from counsel to the ad hoc group (the "AHG") to Telesat and its board. They were designated "Confidential" and "Highly Confidential – Outside Counsels' Eyes Only." The letters reflect non-public, confidential creditor communications concerning Telesat's capital structure, debt maturities, LEO financing, potential restructuring options, and proposed confidentiality arrangements. Non-public communications concerning a company's financing and negotiations with its creditors are routinely maintained under seal. *See Spectrum Dynamics*, 2026 WL 931622, at *2.

- **Defendants' Exhibit 2.** This is the August 26, 2025 resolution of the boards of directors of Telesat Corporation, Telesat GEO, and Telesat LEO Holdings Inc., which has been designated "Confidential." The resolutions disclose non-public details of the September 2025 Transaction and the related internal reorganization, including share counts, redemption amounts, partnership unit prices, intercompany notes, and tax elections. Internal corporate deliberations, including board-level communications, and "numerical figures acquired through internal corporate analysis" are routinely maintained under seal. *See Spectrum Dynamics*, 2026 WL 931622, at *2; *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *5 (S.D.N.Y. May 16, 2023).

- **Defendants' Exhibit 3.** This is an excerpt from Defendants' Telesat Privilege Withheld log. This log has been designated "Highly Confidential – Outside Counsels' Eyes Only" and contains non-public corporate information related to Telesat and the documents logged in the excerpt as well as non-public contact information for certain personnel listed in the excerpt. Public disclosure of this excerpt would reveal non-public details about Telesat's business and contact information. *See Spectrum Dynamics*, 2026 WL 931622, at *2.

In addition to sealing the Confidential Exhibits, Defendants seek to redact limited passages of their letter that quote, describe, or summarize the Confidential Exhibits and/or ECF 135-1, because

those passages would disclose the same non-public information as the documents themselves. The remainder of Defendants' letter will be publicly filed.

For the foregoing reasons, Defendants respectfully request that the Court enter an order permitting Defendants to file the Confidential Exhibits under seal and to redact the portions of Defendants' letter that quote, describe, or summarize the Confidential Exhibits and/or ECF 135-1.

Dated: New York, New York
November 6, 2026

*/s/ Josh Greenblatt*

Josh Greenblatt, P.C.
Jeffrey R. Goldfine, P.C.
Kaitlin P. Sheehan
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

*Attorneys for Defendants Telesat GEO Inc. (f/k/a Telesat Canada) and Telesat LEO CanHold Corporation*

cc. All counsel of record

The Court is in receipt of the letter at Dkt. No. 151 filed by Defendants Telesat GEO Inc. and Telesat LEO CanHold Corporation (together, "Defendants") requesting to file under seal and in redacted form Defendants' letter regarding their assertion of the common-interest privilege with respect to communications with the Special Committee and its advisors (Dkt. No. 153 (the "Letter")) and to file under seal the supporting exhibits (Dkt. Nos. 153-1; 153-2; 153-3 (the "Exhibits")) because the Exhibits were designated as "Confidential" or "Highly Confidential - Outside Counsels' Eyes Only" under the Protective Order (Dkt. No. 51) and contain "specific, non-public, sensitive business information whose public disclosure would cause competitive, commercial, or privacy harm to Defendants" (the "Confidential Information"). (Dkt. No. 151 (the "Sealing Request")).

Given that the Confidential Information is designated as "Highly Confidential" or "Highly Confidential - Outside Counsels' Eyes Only" under the Protective Order (Dkt. No. 51), and "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict[,]" Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026), the Sealing Request is **GRANTED**.

The sealed versions of the Letter (Dkt. No. 152) and the Exhibits (Dkt. Nos. 152-1; 152-2; 152-3) shall remain under seal. Defendants have already filed a publicly-viewable version of the Letter (Dkt. No. 153) with the Confidential Information redacted and emailed courtesy copies of the unredacted Letter and unsealed Exhibits to Chambers.

The Clerk of Court is respectfully directed to close Dkt. No. 151.

SO ORDERED. November 9, 2026

**SARAH L. CAVE**
**United States Magistrate Judge**